# IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:

**FRED DALE VAN WINKLE,**

    **Debtor.**                         **No. 13-11743-j7**

**TAMMY SPRAGUE as PERSONAL**
**REPRESENTATIVE OF THE ESTATE**
**OF FRED DALE VAN WINKLE,**

    **Plaintiff,**

**v.**                                      **Adv. No. 15-1047**

**BELLEVIEW VALLEY LAND CO., INC.,**
**JOHN WILLIAMS and ELLEN B.**
**WILLIAMS,**

    **Defendants.**

## AMENDED[1] COMPLAINT FOR DECLARATORY JUDGMENT, DAMAGES FOR BOTH VIOLATION OF BANKRUPTCY COURT'S DISCHARGE ORDER AND VIOLATION OF STIPULATED ORDER RESOLVING MOTION TO AVOID JUDICIAL LIEN AND FOR EMERGENCY ORDER ENFORCING THE DISCHARGE INJUNCTION TO STAY ANY FURTHER STATE COURT PROCEEDINGS PENDING RESOLUTION OF THESE MATTERS

COMES NOW, Plaintiff, Tammy Sprague as personal representative of the Estate of Fred Dale Van Winkle (hereinafter referred to as "Van Winkle") through undersigned counsel, and for its Complaint, states as follows:

1.      Plaintiff resides in Las Cruces, New Mexico.

2.      Defendant, Belleview Valley Land Co., Inc. ("BVL") is a Missouri Corporation unauthorized to do business in New Mexico. BVL was a secured creditor in the Chapter 7 bankruptcy of Fred Dale Van Winkle.

---

[1] Amended only to add Exhibits which were inadvertently omitted from original filing.

3.      Defendants, John and Ellen Williams (hereinafter jointly referred to as "Williams") are believed to be residents of the state of Missouri. The Williams were also secured creditors in the Chapter 7 bankruptcy of Fred Dale Van Winkle.

4.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and the United States District Court for the District of New Mexico's <u>Administrative Order</u> 84-0324 (D.N.M. March 19, 1992) (referring all cases under Title 11 and all proceedings arising under Title 11 or arising in or related to Title 11 to the Bankruptcy Court), and 11 U.S.C. §§524 and 105.

5.      This Court has the authority to enter a final order regarding this matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A) and (O). ***See also, Mountain States Credit Union v. Skinner (In re Skinner)***, 917 F.2d 444, 448 (10th Cir. 1990) (Contempt proceedings arising out of a core matter are also core matters.)

<u>**FACTS AND ALLEGATIONS**</u>

6.      On August 13, 2010, BVL and Williams obtained judgment against Van Winkle in the amount of $243,944.31 in an Otero County State Court proceeding. On February 4, 2011, the state court awarded further attorney's fees and costs.

7.      BVL and Williams filed a Transcript of the Judgment in Otero County on August 17, 2010. A judgment lien attached to the Otero County real property Van Winkle owned.

8.     BVL and Williams filed a Transcript of the Judgment in Lincoln County on August 17, 2010.

9.     Van Winkle filed his Chapter 7 bankruptcy petition on May 21, 2013. (See Docket Entry # 1 in Bankruptcy Case)[2]

10.    On May 21, 2013 contemporaneously with the filing of his Chapter 7 Petition, Van Winkle filed his Bankruptcy Schedules and Statement of Financial Affairs with the Court. These schedules and statements listed the Defendants as a creditor in the case on Schedule D and listed the debt as disputed. Docket Entry #1.

11.    On May 23, 2013, the Defendants were given notice of the Debtor's bankruptcy proceeding as reflected in the Court's BNC Certificate of Service. Docket Entry #9.

12.    BVL and the Williams were aware of the Debtor's bankruptcy as they filed a Motion for Relief of Stay on August 30, 2013 through their counsel W.T. Martin, Jr. Docket Entry #21.

13.    On August 26, 2013 the Bankruptcy Court entered an order granting Debtor a bankruptcy discharge. Docket Entry #19. As a result, the Judgment against Van Winkle was voided as to the personal liability of Van Winkle.[3]

_____

[2] Van Winkle had also attempted to reorganize the debt in a prior chapter 13 proceeding (11-13861) but was unsuccessful and the case was dismissed.

[3] 11 U.S.C. §524(a)(1) states, "A discharge in a case under this title (1) **voids any judgment** at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727…of this title, whether or not discharge of such debt is waived;" (Emphasis Added)

14. The Discharge Order was mailed to the Defendants through their counsel on August 28, 2013 as indicated by the Court's BNC Certificate of Service. Docket Entry #20.

15. The Debtor, Van Winkle, became deceased on April 28, 2014 after receiving his discharge but prior to the case being closed. A suggestion of death was filed on July 21, 2014. Docket Entry #35.

**The Otero County Property**

16. On December 4, 2013, the Bankruptcy Court entered an order lifting the automatic stay as to Debtor's Otero County Property (Docket #33).

17. Shortly thereafter, BVL and Williams filed suit to foreclose their judgment lien on the Debtor's Otero County property.

18. On May 22, 2014, the state court entered a Final Judgment foreclosing the judgment lien. See Final Judgment attached as Exhibit "A" hereto.

19. On July 8, 2014, a foreclosure sale was conducted by a special master. The Defendants were the high bidders upon bidding $67,000.00 of their Judgment of $338,905.61.

20. On July 28, 2014, the state court entered an Amended Order Approving Special Master's Report & Granting Deficiency Judgment even though the underlying Judgment was void as a result of Van Winkle's discharge. See Amended Order attached as Exhibit "B" hereto.

21. A special master's deed transferring title to the property to the Defendants was approved and recorded. See Deed attached as Exhibit "G" hereto.

22.  Even though the underlying Judgment was void as to Van Winkle's personal liability and uncollectible against Van Winkle, on August 8, 2014, Defendants further recorded a Transcript of Deficiency Judgment reflecting the deficiency judgment of $271,905.61 with the Otero County Clerk of Otero County which begs the question of "How can Van Winkle owe a deficiency on an otherwise void judgment?"  See Transcript attached as Exhibit "C" hereto.

23.  On April 20, 2015, Plaintiff filed a Petition for Redemption and placed $73,200.94 in the state court registry as required by law.

24.  On May 14, 2015, Defendants filed a Response to the Petition for Redemption objecting to the Redemption.  See Response attached as Exhibit "D" hereto.

25.  On May 14, 2015, Defendants also filed Motion for Summary Judgment to Foreclose the (invalid and unenforceable post-discharge) Judgment Lien and Supporting Brief.  See Motion and Brief attached as Exhibit "E" hereto.

**The Lincoln County Property**

26.  Van Winkle owned a condominium at 702 White Mountain, #11, Ruidoso, NM (hereinafter referred to as "Condo").  Van Winkle resided in the Condo at the time his petition was filed and he claimed a $60,000 homestead exemption on the property.

27.  The Condo was subject to a mortgage held by First National Bank of Ruidoso in the approximate amount of $12,000.00.

5

28.     On September 23, 2013, Debtor filed a Motion to Avoid the Judicial Lien of BVL and Williams as it impaired the exemption claimed by Van Winkle.  Docket Entry #23.

29.     BVL and Williams filed a response through their counsel on October 8, 2013.  Docket Entry #27.

30.     The Court first ordered that Van Winkle's death did not affect his ability to exempt the property for purposes of avoiding the judicial lien.  Docket Entry #45.

31.     The parties then stipulated to entry of an Order which valued the Condo and partially avoided the pre-discharge judicial lien held by BVL and Williams.  Docket Entry #45.

32.     The Order indicates that the pre-discharge judicial lien is avoided to the extent of $100,000 (value) less the payoff of the first mortgage less the Van Winkle's homestead exemption ($60,000).  BVL and Williams have since purchased the note and first mortgage from First National Bank of Ruidoso and claim that as of April 20, 2015 the amount owed on principal and interest is $20,164.05 thereby avoiding all but $19,835.95 of the pre-judgment lien against the Condo.[4]

33.     On March 20, 2015, Van Winkle filed a Motion to Compel Abandonment of the Condo and of any redemption rights held by Van Winkle as a result of the Otero Property foreclosure discussed above.  The Motion was

---

[4] It is important to note that Williams purchased the note and mortgage on August 6, 2013 (before the bankruptcy discharge was granted) for the amount of $15,034.77.  No notification from BLV or Williams has ever been received by Van Winkle nor was Van Winkle ever sent any billing notifications for the mortgage payments raising possible RESPA and/or TILA violations.

properly noticed out and all parties including BLV and Williams were given the opportunity to object. No objections were filed. Docket Entry #64 and #65.

34.     On April 15, 2015, the Bankruptcy Court entered an Order Granting the Motion to Compel. Docket Entry #67.

35.     On April 15, 2015, the Bankruptcy Court entered an Order Abandoning Assets which included the Condo and Otero foreclosure redemption rights. Docket Entry #68.

36.     On May 19, 2015, BVL and Williams filed an Amended Complaint for Judgment for Debt and Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien. See Complaint attached as Exhibit "F" attached hereto.

37.     Even though the amount of their lien had been avoided except for $19,835.95, Exhibit F seeks to enforce the entire judgment lien as it requests, "If the proceeds are insufficient to satisfy the balance owed on the Otero County judgment, then a deficiency judgment for the **unpaid balance** be entered in accordance with the deficiency judgment previously entered by the Otero County District Court." Exhibit F, Page 10, Paragraph 6(c). (Emphasis Added)

**Count I**

**Violation of The Bankruptcy Court's Discharge Order**

38.     The Order of Discharge is a federal court order and it operates as an

injunction against creditors who commence or continue an action against a

debtor to recover or to collect a discharged debt.  ***See, Tennessee Student

Assistance Corp. v. Hood,*** 541 U.S. 440, 449 n.4 (2004).

39.     A Creditor's continued attempts to collect the discharged debt places it in

contempt of this Court.  This Court can impose sanctions under the

bankruptcy code.  See 11 U.S.C. §105.  ***See, Schott v. WyHy Federal

Credit Union (In re Schott)***, 282 B.R. 1, 6 (10th Cir. BAP 2002); ***Skinner,***

917 F.2d at 447.

40.     In this case, Van Winkle's debt to BLV and Williams was discharged on

August 26, 2013.

41.     Van Winkle does not dispute that the BLV and Williams' pre-discharge

Judgment Liens survived the bankruptcy, and that BLV and Williams

were allowed to collect as against the real property of Van Winkle with

the limitation that the judgment lien in Lincoln County was partially

avoided and only attached in the approximate amount of $19,835.95.

42.     BLV and Williams have violated the Court's discharge order, however, by

misleading and basically committing fraud upon the Otero County state

court by filing a false transcript of judgment which ignores the voiding of

the pre-bankruptcy judgment post-discharge in the Otero County case.

See Paragraph 22 *supra.*   BLV and Williams argue in many of the state

court filings that because the Court granted a further "deficiency

judgment" which they transcribed as a further lien against the Otero

property, that Van Winkle should be prohibited from redeeming the Otero property free and clear of their post-discharge "deficiency judgment." In other words, BLV and Williams are attempting to impose and enforce an invalid post discharge "deficiency lien" against post Van Winkle's newly acquired property. This is a clear violation of 11 U.S.C. §524(a)(2).

43.    BLV and Williams have violated the Bankruptcy Court's discharge order as follows:

A.  By submitting the Amended Order Approving Special Master's Report & Granting Deficiency Judgment to the state court in the Otero County foreclosure case. See Exhibit B. Van Winkle submits that Exhibit B is an attempt to collect on a discharged debt. BLV and Williams were entitled to collect as to the Otero property. Upon foreclosing on the Otero property, BLV and Williams bid a portion of their judgment in the amount of $67,000.00 and the lien was terminated as to its *in rem* status. There remained no further *in rem* or *in personam* obligation at that time as Van Winkle no longer owned any real estate in Otero County. Since the underlying debt had previously been discharged, there could be no further "deficiency." The language contained in Exhibit B, Page 3, Paragraph 6(a) is an attempt to collect on a discharged debt even though deceptively coined an "in rem" deficiency judgment.

B.  By filing a further Transcript of Judgment for $271,905.61 in the records of Otero County on the claimed "deficiency judgment." Again, there can be no deficiency on an otherwise void Judgment.

C.  By filing Plaintiffs' Response to Petition for Redemption in the Otero County case.

D.  By filing a further Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien in the Otero County case.

E.  By filing Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief in the Otero County case.

44. The Debtor should be awarded her costs, attorney fees, and damages caused by the violations.

45. The acts by BLV and Williams are willful, wanton, malicious, or taken in clear disregard or disrespect of the bankruptcy laws; therefore, punitive damages should be awarded.

46. Van Winkle did not "reaffirm" the debt with the defendant pursuant to 11 U.S.C. §524.

47. Van Winkle has suffered injury and harm as a result of the Defendants' failure to comply with the Court's discharge order in an amount to be proven at trial.

**Count II**

**Violation of the Stipulated Order Resolving Motion to Avoid Judicial Lien**

48. BLV and Williams have violated the Stipulated Order Resolving Motion to Avoid Judicial Lien by filing the Complaint for Judgment for Debt and

Money Due on Promissory Note, to foreclose real estate mortgage and to Foreclose Judgment Lien in the Lincoln County case. In this case, BLV and Williams have simply ignored the Stipulated Order regarding the lien avoidance that was entered by the Bankruptcy Court by asking the state court for a deficiency if the judicial lien is not satisfied in full.

## Count III

### Declaratory Judgment

49. A Declaratory Judgment is necessary from this Court in order to rule on the effect of the Van Winkle's bankruptcy discharge as it applies to the legality of the tactics of BLV and Williams in the state court lawsuits. A Declaratory Judgment may be necessary in order to further challenge and to have those orders set aside on Rule 60 grounds in the state court proceedings since the action was taken in violation of the discharge injunction.

## Count IV

### Request for Emergency Hearing for Order Enforcing Discharge Injunction to Stay State Court Proceedings Pending Resolution Herein

50. Van Winkle requests that this matter be set for Emergency Hearing to Enforce the Discharge Injunction already in place due to Van Winkle's bankruptcy discharge.

WHEREFORE, for the foregoing reasons, the Van Winkle respectfully requests this Court to:

1.      Enter a Declaratory Judgment indicating that, 1) Defendants are not entitled to any post discharge "deficiency judgment;" 2) that their judgment liens expired with the foreclosure of the Otero property; 3) that the underlying debt was discharged in Van Winkle's bankruptcy proceeding; and 4) that only $19,835.95 of the Defendants' judgment lien attaches to the Lincoln County property.

2.      Find the Defendant violated the Court's discharge order as set forth in this Complaint;

3.      Find that the Defendant's violations were willful, intentional, and malicious in nature as they are in clear violation of the law;

4.      Enter an Order enforcing the discharge injunction which can be filed in the state court proceedings which will stay those proceedings until these matters are determined by this Court;

5.      Award the Plaintiff all actual damages incurred including attorney's fees, costs, and expenses incurred by them;

6.      Award the Plaintiff punitive damages to the extent necessary to prevent this type of conduct by this creditor and other creditors that appear before this Court.

7.      Grant any further relief deemed necessary by this Court.

Respectfully Submitted,

/s/ filed electronically
R. "Trey" Arvizu, III
Attorney for Plaintiff
P.O. Box 1479

Las Cruces, NM  88004
(575)527-8600
(575)527-1199 (fax)

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
5/22/2014 10:10:32 AM
KATINA WATSON
CLERK OF COURT
Angela Harris

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS,
and ELLEN B. WILLIAMS, husband and wife,

         Plaintiffs,

vs.

FRED VAN WINKLE,

         Defendant

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, his wife,

         Defendants-in-Intervention.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV-2010-1054
Judge Counts

---

## FINAL JUDGMENT FORECLOSING PLAINTIFFS' JUDGMENT LIEN

**SUBMITTED BY:**
**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

THIS MATTER came before this Court upon the Plaintiffs' *Motion for Entry of Summary Judgment Foreclosing Plaintiffs'Judgment Lien in Compliance with U.S. Bankruptcy Court Order*. This Court has reviewed the record in this matter and has determined the Plaintiffs' motion should be granted for the following reasons:

1. In May of 2013, Fred Van Winkle filed his Chapter 7 bankruptcy, which again resulted in imposition of the automatic stay.

   a. This Court received notice of Fred Van Winkle's Chapter 7 filing on May 22, 2013.

2. When Fred Van Winkle filed his Chapter 7 bankruptcy, the real property he owned in Otero County, which is also subject to the Plaintiffs' judgment lien, became a part of the bankruptcy estate. The Chapter 7 Trustee is statutorily authorized to sell, use or lease the bankruptcy estate property, all of which is for the purpose of meeting administrative costs, and payment to creditors.

3. On November 25, 2013, the Bankruptcy Court conducted a hearing upon Plaintiffs' *Motion to Lift Stay*. The Defendant in this case, Fred Van Winkle, appeared for purposes of objecting to the Motion. The Defendant-in-Intervention in this case, Brian Van Winkle, had filed an objection but did not appear.

4. On December 4, 2013, the Bankruptcy Court entered it *Order Lifting Stay as to Debtor's Otero County Property* that allowed the Plaintiffs to "...proceed with a foreclosure action to enforce the judgment lien as to the Debtor's Otero County property." The Bankruptcy Court also ordered that "Any surplus proceed received from the Special Master's sale following a foreclosure judgment shall be paid to the Trustee."

5. This Court is authorized to proceed with completion of the foreclosure of the Plaintiffs' judgment lien as to Fred Van Winkle's Otero County real property. Upon obtaining a final

judgment foreclosing their judgment lien on all Fred Van Winkle's Otero County real property and following public auction by a Special Master, the Plaintiffs, as secured creditors, shall be paid first from proceeds of the Special Master's sale with any surplus proceeds retained by, or turned over to, the Trustee as a part of the bankruptcy estate. The Defendant, Fred Van Winkle has no claim to any surplus proceeds from the Special Master's sale.

6.  Based upon the Bankruptcy Court Order of December 4, 2013, this Court should enter a Final Judgment foreclosing the Plaintiffs' judgment lien and ordering the foreclosed property sold as Special Master's Sale pursuant to New Mexico law with the proceeds of the Special Master's sale being distributed as directed by the Bankruptcy Court in its *Order Lifting Stay* entered December 4, 2013.

7.  Neither the Defendant, Fred Van Winkle, nor the Defendants-in-Intervention, Brian Van Winkle and Judith Van Winkle, have standing to object to this Court's entry of a foreclosure judgment because:

    a.  They have retained no interest in the real property. The Trustee has retained whatever interest is left in surplus proceeds from the Special Master's sale.

    b.  Should the proceeds of the Special Master's sale be insufficient to satisfy the debt owed the Plaintiffs, this Court cannot enter any deficiency judgment against Fred Van Winkle, individually.

    c.  Both the Defendant, Fred Van Winkle, nor the Defendants-in-Intervention, Brian Van Winkle and Judith Van Winkle, have objected to Plaintiffs' summary judgment motion and appeared at the August 22, 2011 hearing this Court conducted. In addition to relying upon the Bankruptcy Court Order, this Court can

grant now Plaintiffs' Summary Judgment foreclosing the Plaintiffs' judgment lien on Fred Van Winkle's Otero County real property.

8. As stated in the preceding ¶7c, an additional ground for entry of a final judgment foreclosing Plaintiffs' judgment lien, this Court, as a result of the August 22, 2011 hearing, finds Plaintiffs should be granted summary judgment and the Defendant's objections, as well as the Defendants-in-intervention's objections should be denied.

## IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. That Plaintiffs' summary judgment motion be, and it hereby is granted.

2. That Defendant's objections, as well as the Defendants-in-intervention's objections to Plaintiffs' summary judgment motion be, and they hereby are denied.

3. The Plaintiffs' judgment lien as reflect by the *Transcript of Judgment* filed August 17, 2010 with this Court and recorded on August 17, 2010 as Instrument # 201007605 of the records of Otero County, New Mexico, be and it hereby is foreclosed on all real property owned by Fred Van Winkle in Otero County, New Mexico, as of August 17, 2010, all of which is more particularly described in **Exhibit "A"** attached to this Final Judgment.

4. The foreclosed real property shall be sold at public auction by a Special Master appointed by this court after publication of notice of sale as required by New Mexico law.

5. The proceeds from the Special Master's sale shall first satisfy the amount owed the Plaintiffs as reflected in the *Final Judgment* entered August 13, 2010 in Otero County Cause Number CV-2008-76 Div. II and the subsequent award of attorney fees enter February 4, 2011. The judgment amounts are as follows:

   a. $234,944.31—Amount of Judgment

   b. 8.75% interest beginning August 13, 2010

       i. As of April 15, 2014 accrued interest on Judgment amount is $75,471.84 (per diem accrual is $56.32)

c. $17,711.93-Amount of attorney fee award

d. 8.75% interest beginning February 11, 2011

e. As of April 15, 2014 accrued interest on Attorney Fee Award amount is $5,689.65 (per diem accrual is $4.25)

f. **As of April 15, 2014 the total amount of judgment, interest, attorney fees and interest is $333,817.73. Interest continues to accrue as shown in subparagraphs b and e above.**

g. This Court retains the right to award Plaintiffs additional attorney fees incurred since the prior February 11, 2011, which, in light of restrictions arising from Fred Van Winkle's Chapter 7 Bankruptcy, shall only apply to the amount enforceable as against the Otero County, New Mexico property and not to enforcement of the Plaintiffs' lien in any other county or against the Bankruptcy Estate.

6. After satisfying the costs of sale and the amount due Plaintiffs, should there be any surplus proceeds remaining, those proceeds are a part of the bankruptcy estate and are to be turned over to the Chapter 7 Trustee.

7. If the amount of the sale is insufficient to satisfy the amount owed the Plaintiffs, those unsatisfied amounts shall remain owed as secured by any judgment lien the Plaintiffs hold in other counties in New Mexico, provided however no deficiency judgment shall be entered against Fred Van Winkle individually because of Fred Van Winkle's Chapter 7 bankruptcy.

8. That John R. Hakanson, an attorney licensed to practice law in New Mexico, and carrying on his practice in Alamogordo, Otero County, New Mexico, be, and he hereby is, appointed Special Master to advertise and sell the real property. Following the Special Master's Sale, he shall report back to this Court regarding the sale and the distribution of the proceeds of the Special Master's Sale.

9. That Fred Van Winkle be, and hereby is, the right of redemption as allowed by New Mexico law.

James Waylon Counts, District Judge

## EXHIBIT "A" TO FINAL JUDGMENT

A tract of land in the Northeast Quarter (NE ¼) of Section 24, T15S, R9E, NMPM, Otero County, New Mexico, described metes and bounds as follows:

Beginning at the East One–Quarter corner (E ¼) of Section 24 and going S 89°51'38" W along the East/West centerline of said Section 24, a distance of 1525.75 feet; Thence N 00°37'16" W, a distance of 858.92 feet; Thence S 89°50'08" E, a distance of 1531.80 feet; Thence S 00°13'11" E, a distance of 850.76 feet to the said place of beginning.

and

LOT 5, RANCH'S OF RIATA, OTERO COUNTY, NEW MEXICO, as shown on plat Book 65, Page 21, records of Otero County, New Mexico.

and

ANY ADDITIONAL LAND WITHIN THE RANCH'S OF RIATA LESS LOTS 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16

Included in this conveyance is that certain Well and all water rights appurtenant thereof which is located on the above-described property.

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
7/28/2014 2:40:47 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO., a New
Mexico corporation, and JOHN H. WILLIAMS,
and ELLEN B. WILLIAMS, husband and wife,

          Plaintiffs,

vs.

TAMMY SPRAGUE, PERSONAL
REPRESENTATIVE OF THE ESTATE OF
FRED VAN WINKLE, Deceased,

          Defendant

And

BRIAN VAN WINKLE and JUDITH A.
VAN WINKLE, his wife,

          Defendants-in-Intervention.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CV-2010-1054
Judge Counts

## AMENDED ORDER APPROVING SPECIAL MASTER'S REPORT & GRANTING DEFICIENCY JUDGMENT

SUBMITTED BY:
Martin, Dugan & Martin
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

THIS MATTER came before this Court upon the Report of the Special Master on the foreclosure sale held by John R. Hakanson, the Special Master, pursuant to the Order of this Court, and the Court having considered the Special Master's Report and being fully advised, finds:

1. Following Fred Van Winkle's death, **Tammy Sprague**, as Personal Representative of the Estate of Fred Van Winkle, Deceased, (*hereinafter referred to as the "PR."*) has previously been substituted as the Defendant.

2. This Court has previously denied the PR's motion seeking a postponement of the Special Master's Sale.

3. John R. Hakanson, the Special Master, conducted the Special Master's Sale on the 8th day of July 2014 at 10:00 am at the west door of the Otero County Courthouse in Alamogordo, New Mexico.

4. The Special Master has filed his Report regarding the Special Master's Sale.

   a. This Court should approve the sale the Special Master conducted and reported herein, as well as all the Special Master's acts.

   b. The Special Master's request for authorization to execute and deliver a Special Master's Deed to the successful bidders should be granted.

5. The Special Master's Sale was not sufficient to satisfy the entire *Final Judgment Foreclosing Plaintiffs' Judgment Lien*. As of the date of the Special Master's Sale, there remains an unsatisfied deficiency for the amount of the *Final Judgment Foreclosing Plaintiffs' Judgment Lien* entered on May 22, 2014, less the amount of proceeds derived from the Special Master's Sale. Plaintiffs are entitled to a deficiency judgment carrying with it the *in rem* authority to enforce that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the subject real property. Plaintiffs are also entitled to the rights of the holder of a deficiency judgment as contained in Chapel v. Nevitt, **145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017.**

2

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by this Court:

1. That the Report of the Special Master filed be, and it hereby is, ratified, confirmed and approved.

2. That the acts of the Special Master as reported are ratified, confirmed and approved.

3. That the sale of the real property described in the Notice of Sale, in favor of **John H. Williams** and **Ellen B. Williams**, the highest and best bidders at the sale, be and it is hereby ratified, confirmed and approved.

4. That the Special Master be, and he hereby is, authorized, ordered and directed to forthwith deliver to **John H. Williams** and **Ellen B. Williams** a Special Master's Deed.

5. That upon delivery of the Special Master's Deed, **John H. Williams** and **Ellen B. Williams** be and hereby are confirmed as the owners of all the real property described in the Special Master's Deed, free and clear of any and all claims.

6. Plaintiffs are granted a Deficiency Judgment in the amount of $271,905.61, which shall continue to accrue interest at the rate of 8.75% per annum as previously authorized in the *Final Judgment Foreclosing Plaintiffs' Judgment Lien.*

   a. The deficiency is a lien on the debtor's [the Defendant's] real estate. While no deficiency judgment is granted on an *in personam* basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectable as provided in <u>Chapel v. Nevitt</u>, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017. The deficiency also remains collectable by the Plaintiffs through

3

legal action, or actions, to enforce judgment liens as they may exist
in other New Mexico counties.

James Waylon Counts
District Judge

SUBMITTED & APPROVED:

MARTIN, DUGAN & MARTIN

By_____
       W. T. Martin, Jr.
       509 W. Pierce St.
       P.O. Box 2168
       Carlsbad, NM 88221-2168
       (575) 887-3528
       Fax (575) 887-3528
       e-mail: martinlaw@zianet.com
       Attorney for Plaintiffs

4

Exhibit C
Page 1 of 2

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
8/8/2014 2:32:20 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

## TRANSCRIPT OF JUDGMENT

CASE NUMBER: CV-2010-1054

NATURE OF ACTION: Counterclaim for Violation of Subdivision Act

JUDGMENT CREDITORS: Belleview Valley Land Co., John Williams and Ellen Bl Williams

JUDGMENT DEBTOR: Tammy Sprague, Personal Representative Of Estate Of Fred Dale Van Winkle, Deceased—Estate of Fred Dale Van Winkle, deceased

### AMOUNT OF JUDGMENT

| DAMAGES | COSTS | TOTAL | RATE OF INTEREST |
|---|---|---|---|
| $271,905.61 (Deficiency Judgment entered July 28, 2014) | | $271,905.61 | 8.75% per annum calculated from July 28, 2014. |

DATE OF DEFICIENCY JUDGMENT:        HOW SATISFIED & REMARKS

July 28, 2014

ATTORNEY FOR JUDGMENT CREDITOR:

W. T. Martin, Jr.
Martin, Dugan & Martin
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136

Exhibit C
Page 2 of 2

I, Jan Perry, Clerk of the District Court of the Twelfth Judicial District of the State of New Mexico, within and for the County of Otero, do hereby certify the foregoing to be a true transcript of the judgment of said Court, now of record in my office.

IN WITNESS WHEREOF, I have hereunto set my hand and Seal of said Court this ____ day of _____, 2014.

KATINA WATSON
CLERK OF THE DISTRICT COURT

By: _____
Deputy

(SEAL)

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
5/14/2015 2:07:58 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

**Belleview Valley Land Co**, a New Mexico )
corporation, and **John Williams** and **Ellen B.** )
**Williams**, husband and wife, )
                         )
                      Plaintiffs, )
                         )
vs. )
                         )
**Tammy Sprague**, Personal )
Representative of the Estate of )
Fred Van Winkle, Deceased, )
                         )
                     Defendants/Petitioner, )
                         )
and )
                         )
**Brian Van Winkle** and )
**Judith Van Winkle,** )
                         )
                     Defendants-in-Intervention. )

No. CV-2010-01054

Judge James Waylon
Counts

## PLAINTIFFS' RESPONSE TO PETITION FOR REDEMPTION

**Martin, Dugan & Martin**
W. T. Martin, Jr.
Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

COME NOW **Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (*collectively referred to as "Plaintiffs"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and for their Response to Petition for Redemption filed by **Tammy Sprague**, Personal Representative of the Estate of **Fred Van Winkle**, Deceased (collectively referred to herein as "*Petitioner*" or "*Defendant*") would show:

1. Simultaneous with the filing of this Response, Plaintiffs are filing the following pleadings herein:

   a. Plaintiffs' Complaint to Foreclose Judgment Lien and/or Deficiency Judgment Lien ("*Plaintiff's Complaint*"); and

   b. Plaintiffs' Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief ("*Plaintiffs' MSJ*").

2. Those pleadings -- Plaintiff's Complaint and Plaintiffs' MSJ and their attached exhibits -- set forth the factual and legal bases to support Plaintiffs' response and/or objections to the Petition for Redemption.

3. Accordingly, in lieu of repeating those matters herein, Plaintiffs incorporate by reference their Complaint and MSJ, and attached exhibits, as if set forth herein *verbatim*.

4. Based on the facts and legal arguments presented in Plaintiffs' MSJ, Plaintiffs request that the Court find and order (as requested and proven in Plaintiffs' MSJ):

   A. <u>**The Redemption Revives the Original Judgment Lien, Which Should Then Be Foreclosed as a Matter of Law Simultaneously With the Redemption.**</u> (MSJ, p. 8)

1

1.  **The New Mexico Redemption Statute, NMSA § 39-5-18, Only Permits a Certificate of Redemption Upon "Such Terms and Conditions As the Court Deems Just."** (MSJ, p. 8)

2.  **Redemption Restores the Parties to Their Pre-Sale Positions and Revives the Prior Judgment Lien.** (MSJ, p. 9)

3.  **This Court Has Foreclosure Authority.** (MSJ, p. 11)

4.  **This Court Should Order Re-Foreclosure and Re-Sale Simultaneously With the Redemption.** (MSJ, p. 12)

B.  **Alternatively, This Court Should Rule Issuance of Petitioner's Certificate of Redemption Is Subject to Prior, Complete Payment By Petitioner of the Deficiency Judgment Lien.** (MSJ, p. 12)

1.  **This Court Previously Recognized the Deficiency Judgment Is an Existing Lien on the Property.** (MSJ, p. 12)

2.  **Petitioner Waived Objection to the Deficiency Judgment Lien By Failing to Object to and/or Appeal the Prior Order Granting Deficiency Judgment.** (MSJ, p. 13)

3.  **Petitioner Also Waived Objection to and/or Estopped Themselves from Contesting the Prior Order Granting the Williams Complete Title to the Property.** (MSJ, p. 14)

4.  **This Court Should Order Petitioner to Pay the Deficiency Judgment as a "Condition" to Issuance of the Certificate of Redemption.**

C.  **Alternatively, This Court Should Exercise Its Equitable Powers Pursuant to Statute to Compel Payment of the Deficiency Amount and/or Re-Foreclosure.** (MSJ, p. 15)

1.  **NMSA § 39-5-18(C) Mandates the Certificate of Redemption Include "Just" Terms and Conditions.** (MSJ, p. 15).

2

2.      <u>**Redemption Does Not Guarantee Clear Title.**</u> **(MSJ, p. 16)**

3.      <u>**Petitioner Should Be Required to Satisfy the Deficiency Judgment.**</u> **(MSJ, p. 16)**

4.      <u>**Alternatively, the Original Judgment Lien Should Be "Re-Foreclosed" As a Matter of Law and The Property "Re-Sold".**</u> **(MSJ, p. 16)**

**WHEREFORE**, Plaintiffs request that the Court rule:

1.     The Petitioner's right to redemption herein is subject to the prior judgment(s), lien(s) and/or rights of Plaintiffs arising under the law, including but not limited to:

       a.     The rights granted pursuant to the Court orders and judgments noted above;

       b.     The rights granted by statute, including but not limited to N.M.S.A. § 39-5-18(C);

       c.     The rights granted by judicial law. <u>See, e.g.</u>, <u>Chapel v. Nevitt</u>, 2009-NMCA-017; <u>Construction Engineering & Mfg. Co. v. Don Adams Mining Co., Inc.</u>, 91 N.M. 238, 572 P.2d 1246 (N.M. 1977); and

       d.     Application of the doctrines of *res judicata*, law of the case, waiver, estoppel, failure to timely appeal, and other applicable legal doctrines.

2.     Petitioner may only redeem the Property if, prior to redemption,

       a.     The Williams receive the purchase price and other amounts owing under the statute as provided for in NMSA § 39-5-18(A), as purchasers of the Property, including the amounts in the registry of the Court ($73,200.94 as of April 23, 2015);

       b.     Petitioner pays Plaintiffs the Deficiency Judgment, including accrued attorneys' fees, interest and costs;

3.     Alternatively, if Petitioner is permitted to redeem herein prior to payment of the Deficiency Judgment, the Court order that it will only issue the

3

Certificate of Redemption "upon such terms and conditions as it deems just," including but not limited to:

    i.    Ordering Petitioner to pay the Williams the (1) purchase amount and interest ($73,200.94 as of April 23, 2015); and

    ii.    Ordering either:

        a.    Petitioner pay Plaintiffs the deficiency amount and interest ($271,905.61 as of July 28, 2014); or, alternatively,

        b.    Ordering the Original Judgment and/or Deficiency Judgment are first, priority liens on the Property and the Certificate of Redemption, ordering the Property is foreclosed (again), and requiring the Property to be resold and the proceeds distributed to the Plaintiffs and issuance of a new deficiency judgment in favor of the Plaintiffs; and

    iii.    Ordering Petitioner to pay the Plaintiffs' additional attorneys' fees, interest and costs.

4.    Petitioner may not redeem until and unless Plaintiffs' deficiency judgment and liens are satisfied in full, and Plaintiffs are repaid for all costs incurred in repairing the Property from the vandalism which occurred prior to transfer of the property through the foreclosure sale and/or for improvements on the property.

Plaintiffs request judgment as requested above and such other orders as assure that the Property is utilized to the fullest extent possible to reduce such debts.

4

Martin, Dugan & Martin

By_____
    W.T. Martin, Jr.
    Kenneth D. Dugan
    P.O. Box 2168
    Carlsbad, NM 88221-2168
    575-887-3528
    575-887-2136 (facsimile)
    e-mail: martinlaw@zianet.com
    *Attorney for BVL and the Williams*

Martin, Dugan & Martin certifies on the 14th day of May 2015, it filed the foregoing Response electronically through the State of New Mexico's Odyssey File & Serve system, requesting that opposing counsel of record be served by electronic means, and faxed a copy of the Response to opposing counsel of record. A copy of the Response was also mailed U.S. First Class Mail to Brian & Judith Van Winkle, P.O. Box 141, La Luz, NM 88337.

_____
W.T. Martin, Jr.

5

FILED
12TH JUDICIAL DISTRICT COURT
OTERO COUNTY NM
5/14/2015 2:07:58 PM
KATINA WATSON
CLERK OF COURT
Angela Harris

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico corporation, )
and **John Williams** and ELLEN B. WILLIAMS, husband )
and wife, )
           )
                  Plaintiffs, )
           )
vs. )
           )
**Tammy Sprague**, Personal )
Representative of the Estate of )
Fred Van Winkle, Deceased, )
           )
                  Defendants, )
           )
           )

No. CV-2010-01054

Judge James Waylon
Counts

and

**Brian Van Winkle** and
**Judith Van Winkle,**

                  Defendants-in-Intervention.

## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT TO FORECLOSE JUDGMENT LIEN AND SUPPORTING BRIEF

Martin, Dugan & Martin
W. T. Martin, Jr.
Kenneth D. Dugan
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

1

COME NOW Belleview Valley Land Co. ("BVL"), **John Williams** and **Ellen B. Williams** (*collectively referred to as "Plaintiffs"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin, and for their Motion for Summary Judgment to Foreclose Judgment Lien and Supporting Brief, under Rule 1-056 NMRA, would show that no material issues of fact remain and Plaintiffs are entitled to judgment as a matter of law as follows:

## I.   SUMMARY OF MOTION

Plaintiffs seek a ruling herein requiring either that Defendant must pay the Plaintiffs' Deficiency Judgment prior to redemption and/or that the property is foreclosed and re-sold prior to or simultaneous with issuance of the Certificate of Redemption.  Plaintiffs present three alternative, but related, theories to support these alternative outcomes.  The bottom line is that New Mexico law does not permit a debtor, through exercise of a redemption right, to avoid payment of the underlying judgment and lien.  Whichever method this Court adopts, this Court's ruling should (and likely must) assure complete payment to Plaintiffs of their prior judgments and liens.

## II.   UNDISPUTED FACTS

The following facts are taken primarily from the orders of this Court and are undisputed:

1.   **BVL** is a Missouri corporation.   **John Williams and Ellen B. Williams** (*jointly, the "Williams*) are individuals.  Collectively, BVL and the Williams are the "*Plaintiffs.*"

2.   **Defendant Tammy Sprague**, is the personal representative of the estate of **Fred Van Winkle**, deceased ("Fred") (collectively, "*Defendant*" or "*Petitioner*").

3.   On August 13, 2010, BVL and the Williams obtained judgment against Fred in the amount of $243,944.31 in Otero County Cause Number CV-2008-76-Div. II. (A copy of the *Final Judgment* is attached as *Exhibit "A"*).

2

4.     On August 17, 2010, BVL and Williams recorded a *Transcript of Judgment* reflecting the judgment with the Otero County Clerk of Otero County, New Mexico. (*A copy of the Original Transcript of Judgment is attached as Exhibit "B" and is incorporated herein as if fully set forth*.)

5.     The filing of the *Original Transcript of Judgment* created a lien (*the "Original Judgment Lien"*) against any real property in Otero County, New Mexico in which Fred owned an interest.

6.     On December 16, 2010, Plaintiffs filed their Complaint to Foreclose Judgment Lien, seeking to foreclose on the *Original Judgment Lien.*

7.     On or about September 1, 2011, the foreclosure action was stayed due to Fred filing for relief under Chapter 13 of the Bankruptcy Code.

8.     In April of 2013, the Bankruptcy Court dismissed Fred's Chapter 13 bankruptcy because he had failed to perform under the Chapter 13 Plan.

9.     Plaintiffs then requested a trial on the merits in this case to complete the foreclosure.

10.    Meanwhile, Fred again filed for Bankruptcy, this time under Chapter 7. That filing again resulted in the imposition of the automatic stay.

11.    Accordingly, Plaintiffs filed a **Motion to Lift Stay** in the bankruptcy court.

12.    On December 4, 2013, the Bankruptcy Judge, Honorable Robert H. Jacobvitz, entered the *Order Lifting Stay as to Debtor's Otero County Property*, granting Plaintiffs' *Motion to Lift Stay*. (*A copy of that Order is attached hereto as Exhibit "C" and incorporated herein as if fully set forth.*)

   a.   The Federal Bankruptcy Court lifted the bankruptcy stay as to Fred's Otero County property and ordered the "Williams may proceed with a foreclosure action to enforce the judgment lien as to the Debtor's Otero County property." (Ex. "C").

3

13.     Accordingly, Plaintiffs proceeded with foreclosure herein.

14.     On May 22, 2014, this Court granted foreclosure, entering its **Final Judgment Foreclosing Plaintiffs' Judgment Lien**. (*A copy of the* **Final Judgment Foreclosing Plaintiffs' Judgment Lien** *is attached as* **Exhibit "D"** *and is incorporated herein as if fully set forth*.) Among other findings, this Court ordered:

       a.   "The Plaintiffs' judgment lien as reflect[ed] by the Transcript of Judgment filed August 17, 2010 with this Court and recorded on August 17, 2010 as Instrument # 201007605 of the records of Otero County, New Mexico, be and it hereby is foreclosed on all real property owned by Fred Van Winkle in Otero County, New Mexico, as of August 17, 2010, all of which is more particularly described in Exhibit "A" attached to this Final Judgment." (Judgment, ¶ 3).

       b.   "The foreclosed real property shall be sold at public auction by a Special Master appointed by this court after publication of notice of sale as required by New Mexico law." (Judgment, ¶ 5).

       c.   The judgment amount was $333,817.73.  (Judgment ¶ 5f).

       d.   Interest continued to accrue from the date of the judgment at 8.75% interest. (Judgment ¶ 5f).

       e.   This Court retained the right to award Plaintiffs additional attorney fees incurred since February 11, 2011.  (Judgment, ¶ 5g).

       f.   The Court approved John Hakanson as Special Master to sell the property and report back.  (Judgment, ¶ 8)

15.     On July 8, 2014, John Hakanson conducted the Special Master's Sale and prepared the Special Master's Report. (*A copy of the* **Special Master's Report** *is attached as* **Exhibit "E"** *and is incorporated herein as if fully set forth*.)

4

a.  The highest bidders and purchasers were the Williams, for $67,000.00.

16.    The Special Master's Sale was insufficient to satisfy the entire **Final Judgment Foreclosing Plaintiffs' Judgment Lien**, as shown by the Special Master's Report (Exhibit "E"):

a.    The total amount owed as of July 8, 2014 was $338,905.61.

b.  The property was struck off and sold to John H. Williams and Ellen B. Williams for the price of $67,000.

c.  Fees were deducted for the special master ($200.00), Publication Costs ($698.01) and Attorneys' Fees and Costs ($23,758.48).

d.  After payment of fees and costs, the Plaintiffs received $42,343.51.

e.  Accordingly, Deficiency remained in the amount of $271,905.61, plus accruing interest.  (Exhibit "E").

17.    On July 23, 2014, this Court entered its **Order Approving Special Master's Report & Granting Deficiency Judgment**.  Subsequently, on July 28, 2014, this Court entered its **Amended Order Approving Special Master's Report & Granting Deficiency Judgment**.  The *Amended Order* merely corrected a typographical error in the amount of the deficiency.  (*A copy of the **Amended Order Approving Special Master's Report & Granting Deficiency Judgment** is attached as **Exhibit "F"** and is incorporated herein as if fully set forth*.) That Amended Order provides in relevant part that:

a.  The Special Master's Report, acts and sale were ratified, confirmed and approved. (Ex. F, p. 3, ¶ 1-3).

b.  The Special Master was ordered to deliver to John H. Williams and Ellen B. Williams a Special Master's Deed. (Ex. F, p. 3, ¶ 4).

5

c. "[U]pon delivery of the Special Master's Deed, John H. Williams and Ellen B. Williams [were] confirmed as the owners of all the real property described in the Special Master's Deed, free and clear of any and all claims." (Ex. F, p. 3, ¶ 5).

d. "Plaintiffs were granted a Deficiency Judgment in the amount of $271,1905.61, which shall continue to accrue interest at the rate of 8.75% per annum as previously authorized in the Final Judgment Foreclosing Plaintiffs' Judgment Lien." (Ex. F, p. 3, ¶ 6).

e. The Deficiency Judgment carried "with it the *in rem* authority to enforce that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the subject real property. Plaintiffs are also entitled to the rights of the holder of a deficiency judgment as contained in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017." (Ex. F, p. 2, ¶ 5).

f. The "deficiency is a lien on the debtor's [the Defendant's] real estate. While no deficiency judgment is granted on an in personam basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectable as provided in Chapel v. Nevitt, 145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017. " (Ex. F, p. 3, ¶ 6a).

18. Chapel, 2009-NMCA-017, expressly permits enforcement of a deficiency judgment, in the fact of a redemption, by transcription of the judgment and foreclosure on the property.

19. Defendant did not object to nor appeal the **Amended Order Approving Special Master's Report & Granting Deficiency Judgment** within the proscribed times.

20. On July 8, 2014, John Hakanson, Special Master, executed the **Special Master's Deed**, conveying the Property to John H. Williams and Ellen B. Williams. (*A copy of the Special Master's Deed is attached as Exhibit "G" and is incorporated herein as if fully set forth.*)

6

      a.   Pursuant to this Court's **Amended Order Approving Special Master's Report &**

           **Granting Deficiency Judgment**, the Property was conveyed to the Williams "free

           and clear of any and all claims." (Exhibit "F").

21.     On August 8, 2014, the Williams recorded a **Transcript of Deficiency Judgment**

       reflecting the deficiency judgment of $271,905.61 with the Otero County Clerk of Otero

       County, New Mexico. (*A copy of the* **Transcript of Deficiency Judgment** *is attached as*

       **Exhibit "H"** *and is incorporated herein as if fully set forth.*)

22.     The filing of the **Transcript of Deficiency Judgment** created an additional lien on the

       Property (**the "Deficiency Judgment Lien"**) in accordance with the language of this

       Court's Order above and the applicable law.

23.     Thereafter, the Williams spent over $25,000 improving the Property on the presumption

       that their Special Master's Deed was binding and final.

24.     On or about April 20, 2015, Defendant filed her **Petition for Redemption** herein.

      a.   The Petition seeks to redeem the Property by payment of $73,200.94.

      b.   The Petition requests that this Court "issue a certificate of redemption to

           Defendant upon such terms and conditions as this Court deems just." (Petition, p.

           4, ¶ D).

25.     Defendant's right to a certificate of redemption is subject to "such terms and conditions as

       this Court deems just." N.M.S.A. § 39-5-18(C).

7

### III. ARGUMENT AND AUTHORITIES

This Court may and should grant summary judgment on three different, alternative theories.

A. **The Redemption Revives the Original Judgment Lien, Which Should Then Be Foreclosed as a Matter of Law Simultaneously With the Redemption.**

In the first instance, this Court may and should grant summary judgment re-foreclosing the Original Judgment Lien, ordering re-sale of the Property, and ordering payment of all unpaid amounts to Plaintiff.[1]

1. **The New Mexico Redemption Statute, NMSA § 39-5-18, Only Permits a Certificate of Redemption Upon "Such Terms and Conditions As the Court Deems Just."**

"Redemption is a statutory right that our courts construe narrowly." <u>Brown v. Trujillo</u>, 135 N.M. 365, 88 P.3d 881, ¶ 14 (N.M.App.,2004)(citing <u>Union Esperanza Mining Co. v. Shandon Mining Co.</u>, 18 N.M. 153, 165, 135 P. 78, 80 (1913) (characterizing redemption as "a statutory right that is not to be enlarged by judicial interpretation")). "[T]he right of redemption is created by statute, and the beneficiary of such legislation must take the privilege burdened with all its restrictions." <u>Union Esperanza Min. Co. v. Shandon Min. Co.</u>, 18 N.M. 153, 135 P. 78, ¶ 18-20 (N.M. 1913).

The New Mexico Redemption Statute, NMSA § 39-5-18A, provides in relevant part,

A. After sale of real estate pursuant to the order, judgment or decree of foreclosure in the district court, the real estate may be redeemed by the former defendant owner of the real estate ...

(2) by filing a petition for redemption in the pending foreclosure case in the district court in which the order, judgment or decree of foreclosure was entered and by making a deposit of the amount set forth in Paragraph (1) of this subsection in cash in the office of the clerk of that district court, at any time within nine months from the date of sale.

---

[1] This is the procedure expressly authorized in <u>Chapel</u>, 2009-NMCA-017.

8

Accordingly, the former owner (mortgagor or judgment lien debtor) may redeem by filing a Petition and depositing the proper sums in the registry of the Court within 9 months from the date of the sale. The statute fails, however, to identify the effect of such "redemption" on third parties, including prior lien holders, subsequent lien holders, the foreclosing party, or the purchaser. Instead, the statute provides for a hearing and states, "At the conclusion of the hearing, the district court may order the clerk of the court to issue the certificate of redemption upon such terms and conditions as it deems just." NMSA § 39-5-18C.

Notably, the redeeming mortgagor or judgment lien debtor cannot demand a "deed" or "release[] of all demands against it." Union Esperanza Min. Co. v. Shandon Min. Co., 18 N.M. 153, 135 P. 78, ¶ 18-20 (N.M. 1913). All the redeeming mortgagor or judgment lien debtor receives is a certificate of redemption upon "such terms and conditions as the court deems just." NMSA § 39-5-18C.

2. **Redemption Restores the Parties to Their Pre-Sale Positions and Revives the Prior Judgment Lien.**

This case involves a redemption by the judgment lien debtor, whose status us analogous to a mortgagor. Our New Mexico Supreme Court has expressly considered and ruled on the effect of a redemption by the mortgagor on prior lien holders. In Turner v. Les File Drywall, Inc. 117 N.M. 7, 868 P.2d 652, 653 (N.M. 1994), our Supreme Court said,

> It is clear in New Mexico that once a mortgagor redeems his foreclosed property, the property once again becomes part of the mortgagor's real estate subject to prior judgment liens on the mortgagor's property. Construction Eng'g & Mfg. Co. v. Don Adams Mining Co., 91 N.M. 238, 240, 572 P.2d 1246, 1248 (1977).

Id. See also Velasquez v. Mascarenas, 71 N.M. 133, 376 P.2d 311 (N.M. 1962) ("Thus, the redemption and payment of the taxes restores the title of the property to its status prior to the tax sale.").

9

Notably, in Langhurst v. Langhurst, 49 N.M. 329, 164 P.2d 204 (N.M. 1945), our Supreme

Court had previously defined the effect of a "redemption." The Court cited numerous cases and

other authority to define redemption as "buying back" or "repurchasing." The Court concluded that

a redemption, "leave[s] the title and right to possession of the land where it would have been had

no sale... ever been made." Id at ¶ 8-10. Subsequently, in Chavez v. Chavez, 56 N.M. 393, 244

P.2d 781, ¶ 7 (N.M. 1952), our Supreme Court interpreted Langston to hold valid liens existing

against the real property at the time of its sale "survive" where the former owner redeems.

It is undisputed Plaintiffs held an enforceable judgment lien and transcript of judgment prior

to the foreclosure sale. Accordingly, under Turner, Langston, and the other cited authority,[2]

redemption by Defendant restores Plaintiffs' pre-foreclosure judgment lien.

In Brown v. Trujillo, 135 N.M. 365, 88 P.3d 881 (N.M.App., 2004), our Court of Appeals

discussed the purposes of a redemption statute. First, it provides the debtor time to secure

financing. Id. at ¶ 25. Second, it prevents a lender from gaining a windfall by purchasing the

---

[2] Notably, most jurisdictions agree redemption merely annuls the sale, and leaves the property
subject to all liens which would have been barred if the sale had ripened into title, including junior
liens and any balance on the lien under which the sale was made. See, e.g., 33 C.J.S. Executions
§ 447 (stating, "If a lien of judgment has not been paid, redemption by the judgment debtor or
successor in interest generally restores the lien of judgment in the amount of the nonpayment");
Franklin v. Spencer, 309 Or. 476, 789 P.2d 643 (1990); Holta v. Certified Financial Services, Inc.,
49 P.3d 1104 (Alaska 2002); Water Pollution Control Authority of City of New Haven v. OTP
Realty, LLC, 76 Conn.App. 711, 822 A.2d 257 (2003); Associates Home Equity Services Co., Inc.
v. Hunt, 151 S.W.3d 559 (Tex.App.—Beaumont 2004).

Plaintiffs refer this Court particularly to two case in Oregon, White v. Simpson, 140 Or.App. 147,
915 P.2d 1004 (Or.App.,1996) and Franklin v. Spencer, 309 Or. 476, 789 P.2d 643 (Or. 1990). In
Franklin, the Oregon Supreme Court held that in a foreclosure sale, the mortgagor/debtor holds
"legal title" during the redemption period, and the purchaser only acquires equitable title. If the
mortgagor/debtor redeems, the title is returned to the mortgagor/debtor, but all prior liens attach to
the property. Id. The Oregon Court of Appeals in White, 915 P.2d 1004, subsequently construed
Franklin to stand for the proposition, "[R]edemption by a judgment debtor ... restored the lien of
the judgment to full effectiveness to the extent that it had not been paid." Id. Those holdings
accord with New Mexico law and support Plaintiffs herein.

10

property at foreclosure at well below the mortgage price. Id. at ¶ 27. It is this second purpose, precluding inordinately low sales prices, that presumably is at issue in this case.

Plaintiffs do not begrudge Defendant for seeking to use the redemption statute for this second purpose – it is permissible. However, the Brown court expressly noted that the redemption remedy may not "prevent[] full payment." Id. at ¶ 27. The Court said, "If a foreclosure price is inordinately low, the debtor can redeem and prevent the lender from gaining an unjust windfall, while still remaining obligated to pay the balance of his or her debt." This last clause is the key: Defendant "remain[s] obligated to pay the balance of his or her debt." Id. Redemption may not be used a shield to avoid the debt. Instead, redemption merely restores the parties to their pre-foreclosure positions.

### 3. **This Court Has Foreclosure Authority.**

It is undisputed that Plaintiffs have a valid and enforceable judgment, which was properly transcripted under the law. (See Exs. B and H). N.M.S.A. 1978, § 39-1-6 provides:

> Any money judgment rendered in the Supreme Court, court of appeals, district court or metropolitan court shall be docketed by the clerk of the court and a transcript or abstract of judgment may be issued by the clerk upon request of the parties. The judgment shall be a lien on the real estate of the judgment debtor from the date of the filing of the transcript of the judgment in the office of the county clerk of the county in which the real estate is situate. ...

Id. Accordingly, Plaintiffs have a valid and enforceable lien on Defendant's Property.

N.M.S.A. 1978, § 39-4-13, provides the right to foreclose a judgment lien:

> Any person holding a judgment lien on any real estate situated in this state may subject said real estate to the payment of his judgment by a foreclosure suit in any court of competent jurisdiction, such suit to be instituted and prosecuted in the same manner as ordinary suits for the foreclosure of mortgages, and the sale thereunder to be held in the same manner and subject to the same rights of redemption as in sales held under mortgage foreclosure decrees.

11

Id. This Court clearly has authority to grant foreclosure. Armstrong v. Csurilla, 112 N.M. 579, 817

P.2d 1221, 1227 (N.M.,1991). New Mexico Courts have noted that a judgment lien is properly

foreclosed through a summary judgment proceeding. Id.

    4. **This Court Should Order Re-Foreclosure and Re-Sale Simultaneous With the Redemption.**

        There are no issues of material fact, and Plaintiffs are entitled to foreclose on the Property

as a matter of law. Accordingly, summary judgment granting foreclosure is appropriate.

        This Court has previously ruled as a matter of law that Plaintiffs' judgment lien was valid

and foreclosure was proper. Accordingly, to the extent that redemption is permitted, this Court may

and should simultaneously order foreclosure and re-sale of the property under the same terms and

conditions previously imposed.

B. **Alternatively, This Court Should Rule Issuance of Defendant's Certificate of Redemption Is Subject to Prior, Complete Payment by Defendant of the Deficiency Judgment Lien..**

        In addition to ordering re-foreclosure of the Original Judgment Lien, this Court can and

should order foreclosure of the Deficiency Judgment Lien, prior to issuance of the Certificate of

Redemption, based on the doctrines of *res judicata*, waiver, estoppel, law of the case, and/or

failure of Defendant to timely appeal the prior order of this Court.

    1. **This Court Previously Recognized the Deficiency Judgment Is an Existing Lien on the Property.**

        On July 28, 2014, this Court approved the sale to the Williams, executing the *Amended*

*Order Approving Special Master's Report & Granting Deficiency Judgment.* (Ex. F). That Order

provides, in relevant part,

> Plaintiffs are entitled to a deficiency judgment carrying with it the *in rem* authority to enforce
> that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the
> subject real property.

12

(Ex. F, p. 2, ¶ 5). The Court granted a Deficiency Judgment in the amount of $271,905.61. The Court further ordered, "The deficiency is a lien on the debtor's [the Defendant's] real estate." (Ex. F, p. 3, ¶ 6a).

The effect of that order is to attach with the deficiency judgment a lien that was equivalent to the *in rem* lien that existed "at the time of granting of the Foreclosure Judgment and the sale of the subject real property." (Ex. F, p. 2, ¶ 5). That lien was a first, priority lien on the Property at issue. Moreover, the lien constitutes a lien on Defendant's right of redemption, which is a real property interest. See fn. 1, *supra*.

### 2. Defendant Waived Objection to the Deficiency Judgment Lien By Failing to Object to and/or Appeal the Prior Order Granting Deficiency Judgment.

Defendant had 30 days to appeal the order granting the deficiency judgment lien. Rule 12–201(A)(2) NMRA (requiring appeals to be filed "within thirty ... days after the judgment or order appealed from is filed" in the district court); Santa Fe Pacific Trust, Inc. v. City of Albuquerque, 2012–NMSC–028, ¶¶ 18–19, 285 P.3d 595 (explaining that unless the district court explicitly provides, pursuant to Rule 1–054, that the granting of summary judgment was not final, the party opposing the ruling had to file notice of appeal within thirty days). Defendant did not appeal that Order within the required appellate timetable. Accordingly, any objection to that Order is waived, and the Order becomes the law of the case and/or *res judicata*. That Order justifies this Court ruling the deficiency amount should be paid prior to issuance of a Certificate of Redemption.

In Chapel v. Nevitt, 2009-NMCA-017, 203 P.3d 889, our Court of Appeals ruled the proper procedure in that particular redemption case was not "to include the deficiency in the redemption amount," but rather to allow a second foreclosure following the redemption. Id. at ¶ 35. The Court in Chapel, however, was not faced with the same facts as presented in this case. In Chapel, the order foreclosing the lien did not discuss the effect of any deficiency judgment. Because there

13

was no order granting a lien on the deficiency judgment, the Court felt compelled to order a new foreclosure action.

To the contrary, in this case, this Court found in its *Amended Order Approving Special Master's Report & Granting Deficiency Judgment*, "Plaintiffs are entitled to a deficiency judgment carrying with it the *in rem* authority to enforce that the Plaintiffs held at the time of granting of the Foreclosure Judgment and the sale of the subject real property." (Ex. F, p. 2, ¶ 5). That is conclusive. And, the failure of Defendant to appeal that Order waives any objection.

### 3. Defendant Also Waived Objection to and/or Estopped Themselves from Contesting the Prior Order Granting the Williams Complete Title to the Property.

To support this ruling, it is important to note that, in the *Amended Order Approving Special Master's Report & Granting Deficiency Judgment* (*Exhibit "F"*), this Court ordered the Special Master to deliver to John H. Williams and Ellen B. Williams a Special Master's Deed. (Ex. F, p. 3, ¶ 4). This Court further ruled that, "upon delivery of the Special Master's Deed, John H. Williams and Ellen B. Williams are confirmed as the owners of all the real property described in the Special Master's Deed, free and clear of any and all claims." (Ex. F, p. 3, ¶ 5). That Order conspicuously fails to reserve any right of redemption to the judgment lien debtor or Defendant. Instead, it grants indivisible title to the Williams.

Defendant did not appeal that Order. Accordingly, it is binding herein. Defendant waived, estopped herself, and/or forfeited the right of redemption. Certainly, this Court would be within its power herein to rule that, if Defendant intended upon exercising the right of redemption, it was incumbent upon Defendant to come forward and object to the Special Master's Deed and Order granting title free of "all claims." The Special Master subsequently issued an unconditional deed. (Ex. G). Thereafter, the Williams spent approximately $29,000 fixing damage that had been done to the property and some improving of the Property on the presumption that their Special Master's

14

Deed was binding and final. If Defendant is permitted to exercise the right of redemption and overturn the clear language of the unconditional Special Master's Deed, Defendant should first be required to pay Plaintiffs the full Deficiency Judgment, and all accrued attorneys' fees and interest.

### 4. This Court Should Order Petitioner to Pay the Deficiency Judgment as a "Condition" to Issuance of the Certificate of Redemption.

Accordingly, this Court may enter an order ruling the Deficiency Judgment is a lien on the Property and Defendant's redemption right, and that, prior to issuance of a Certificate of Redemption, Defendant must pay the full Deficiency Judgment.

### C. Alternatively, This Court Should Exercise Its Equitable Powers Pursuant to Statute to Compel Payment of the Deficiency Amount and/or Re-Foreclosure.

Alternatively, and as a third basis for summary judgment, this Court has authority under NMSA § 39-5-18(C) to only permit redemption upon "just" terms and conditions. Those just terms and conditions should include re-foreclosure of the Original Judgment Lien, foreclosure of the Deficiency Judgment Lien, and/or complete payment of all amounts owing under the Original Judgment and Deficiency Judgment, together with accruing attorneys' fees and interest.

### 1. NMSA § 39-5-18(C) Mandates the Certificate of Redemption Include "Just" Terms and Conditions.

As noted earlier, NMSA § 39-5-18(C) specifically requires the district court to include in any certificate of redemption "such terms and conditions as it deems just." Our Supreme Court has noted those words vest the trial court with considerable discretion. Federal Land Bank of Wichita v. Burgett, 97 N.M. 519, 641 P.2d 1066, ¶ 10-11 (N.M. 1982) (holding words "upon such terms and conditions as (he) deems just" in § 39-5-18(D) vested district court with "discretion as to the method in which he chooses to apply the insurance proceeds"). Plaintiffs request this Court follow that statutory guideline, and only enter a Certificate of Redemption upon terms that assure Plaintiffs receive their just compensation and complete payment of this Court's prior judgments.

15

2.  **Redemption Does Not Guarantee Clear Title.**

In Chapel, 2009-NMCA-017, ¶ 41, our Court of Appeals noted redemption does not guarantee clear title. Instead, redemption simply provides the debtor time to procure financing to pay his debts in full and try to regain possession of his property. The Court said,

> Contrary to Derringer's assertions, redemption of property does not ensure that the title to that property is clear of all liens and encumbrances... In fact, nothing in the redemption statute guarantees that there will be clear title to the property after redemption, nor does the redemption statute require the court to determine the extent of all judgments and liens against a debtor. Instead, the right to redeem foreclosed property merely protects a debtor's right to try to obtain financing during the nine-month statutory period so that the debtor can regain possession of the property. See Brown, 2004–NMCA–040, ¶ 32, 135 N.M. 365, 88 P.3d 881. We have consistently rejected attempted redemptions in which debtors make their tender of funds contingent on a clear title....

Id.  See also Union Esperanza Mining Co. v. Shandon Mining Co., 18 N.M. 153, 135 P. 78 (N.M. 1913 (holding a debtor cannot impose a condition of clear title upon his tender of money pursuant to the redemption statute).  In fact, the Chapel Court noted, **"[T]he district court was not required or even able to assure that Derringer's property would have clear title after he redeemed it."** 2009-NMCA-017, ¶ 44.

3.  **Defendant Should Be Required to Satisfy the Deficiency Judgment.**

Our Legislature included the language conditioning issuance of a certificate of redemption on "such terms and conditions as it deems just" to assure the trial court had adequate authority to balance all of the equities.   In this case, the redemption power should *not* be permitted to avoid payment of the just, secured debts.  The best, "equitable" solution would be to order that the Certificate of Redemption will only be issued upon payment of the full Deficiency Judgment (including interest and attorneys' fees).

4.  **Alternatively, the Original Judgment Lien Should Be "Re-Foreclosed" As a Matter of Law and The Property "Re-Sold".**

16

Alternatively, and as requested above, this Court should exercise its equitable discretion to order, simultaneous with the redemption, that the Original Judgment Lien be re-foreclosed, the Deficiency Judgment Lien be foreclosed, the property sold, and the proceeds be distributed to Plaintiffs (with any surplus after full payment going to the Defendant). This was the procedure proposed in Chapel. Plaintiffs request it as a last resort, due to the increased expense. However, it is a legal, viable alternative.

WHEREFORE, Plaintiffs request that the Court rule as a matter of law:

1. The Defendant's right to redemption herein is subject to the prior judgment(s), lien(s) and/or rights of Plaintiffs arising under the law, including but not limited to:

    a. The rights granted pursuant to the Court orders and judgments noted above;

    b. The rights granted by statute, including but not limited to N.M.S.A. § 39-5-18(C);

    c. The rights granted by judicial law. See, e.g., Chapel v. Nevitt, 2009-NMCA-017; Construction Engineering & Mfg. Co. v. Don Adams Mining Co., Inc., 91 N.M. 238, 572 P.2d 1246 (N.M. 1977); and

    d. Application of the doctrines of res judicata, law of the case, waiver, estoppel, failure to timely appeal, and other applicable legal doctrines.

2. Defendant may only redeem the Property if, prior to redemption,

    a. The Williams receive the purchase price and other amounts owing under the statute as provided for in NMSA § 39-5-18(A), as purchasers of the Property, including the amounts in the registry of the Court ($73,200.94 as of April 23, 2015);

    b. Defendant pays Plaintiffs the Deficiency Judgment, including accrued attorneys' fees, interest and costs;

3. Alternatively, if Defendant is permitted to redeem herein prior to payment of the Deficiency Judgment, the Court order that it will only issue the Certificate of Redemption "upon such terms and conditions as it deems just," including but not limited to:

    i. Ordering Defendant to pay the Williams the (1) purchase amount and interest ($73,200.94 as of April 23, 2015); and

17

       ii.     Ordering either:

          a.     Defendant pay Plaintiffs the deficiency amount and interest ($271,905.61 as of July 28, 2014); or, alternatively,

          b.     Ordering the Original Judgment and/or Deficiency Judgment are first, priority liens on the Property and the Certificate of Redemption, ordering the Property is foreclosed (again), and requiring the Property to be resold and the proceeds distributed to the Plaintiffs and issuance of a new deficiency judgment in favor of the Plaintiffs; and

       iii.     Ordering Defendant to pay the Plaintiffs' additional attorneys' fees, interest and costs.

   4.     Defendant may not redeem until and unless Plaintiffs' deficiency judgment and liens are satisfied in full, and Plaintiffs are repaid for all costs incurred in repairing the Property from the vandalism which occurred prior to transfer of the property through the foreclosure sale

Plaintiffs request summary judgment as requested above and such other orders as assure that the Property is utilized to the fullest extent possible to reduce such debts.

                        **Martin, Dugan & Martin**

By_____
             W.T. Martin, Jr.
             Kenneth D. Dugan
             P.O. Box 2168
             Carlsbad, NM 88221-2168
             575-887-3528
             575-887-2136 (facsimile)
             e-mail: martinlaw@zianet.com
             *Attorney for BVL and the Williams*

18

May 2015, it filed the foregoing MSJ electronically
through the State of New Mexico's Odyssey File &
Serve system, requesting that opposing counsel of
record be served by electronic means, and faxed a
copy of the MSJ to opposing counsel of record. A
copy of the MSJ was also mailed U.S. First Class
Mail to Brian & Judith Van Winkle, P.O. Box 141, La
Luz, NM 88337.

_____
W.T. Martin, Jr.
Kenneth D. Dugan

19

FILED
12TH JUDICIAL DISTRICT COURT
LINCOLN COUNTY NM
5/19/2015 1:56:48 PM
KATINA WATSON
CLERK OF COURT
Rhonda Wheeler

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF LINCOLN
# STATE OF NEW MEXICO

BELLEVIEW VALLEY LAND CO, a New Mexico
corporation, and **John Williams** and ELLEN B.
WILLIAMS, husband and wife,

         Plaintiffs,

vs.

THE ESTATE OF FRED VAN WINKLE, deceased,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

No.  CV 2015-00065

### FIRST AMENDED COMPLAINT FOR JUDGMENT FOR DEBT AND MONEY DUE ON PROMISSORY NOTE, TO FORECLOSE REAL ESTATE MORTGAGE AND TO FORECLOSE JUDGMENT LIEN

**Martin, Dugan & Martin**
W. T. Martin, Jr.
509 W. Pierce St.
P.O. Box 2168
Carlsbad, NM 88221-2168
(575) 887-3528
Fax (575) 887-2136
e-mail: martinlaw@zianet.com

**SCANNED**

**COME NOW Belleview Valley Land Co.** ("BVL"), **John Williams** and **Ellen B. Williams** (*hereinafter sometimes jointly referred to as "Williams"*) by and through their attorney, W. T. Martin, Jr., of Martin, Dugan & Martin and for their ***First Amended Complaint for Judgment on Debt & Money Due on Promissory Note, to Foreclose Real Estate Mortgage and to Foreclose Judgment Lien*** state:

1.      BVL is a Missouri corporation authorized to conduct business in New Mexico. Williams are residents of the State of Missouri.

2.      **Fred Van Winkle** (*hereinafter referred to as "Van Winkle"*) was a resident of Ruidoso, Lincoln County, New Mexico.

3.      At all times relevant to this Complaint, Van Winkle was a single man dealing with his sole and separate property.

   A.  Van Winkle died on April 29, 2014.

   B.  His estate is being probated in Lincoln County. His daughter, Tammy Sprague, is the duly qualified and acting Personal Representative of the Estate.

   C.  A portion of the events relevant to this Complaint occurred while Van Winkle was alive. Other events occurred after his death while his estate was, and is, being probated by Tammy Sprague as Personal Representative.

4.      The following events are relevant to this Complaint:

   Enforcement of Judgment Liens:

A. On August 13, 2010, BVL and the Williams obtained judgment against Van Winkle in the amount of $243,944.31 in Otero County Cause Number CV-2008-76-Div. II. On February 4, 2011, the Court subsequently awarded BVL and Williams attorney fees as follows: (i) $16,505.00; (ii) N.M. Gross Receipts Tax of $1,206.93; (iii) interest on the award of attorney fees and tax at the rate of 8.75% from date of award. (Copies of the *Final Judgment* and *Order Awarding Attorney Fees* are attached as *Exhibits "A & B"*).

B. BVL and Williams filed their *Transcript of Judgment* in Otero County, New Mexico. A judgment lien attached to the Otero County real property Van Winkle then owned.

C. Because Van Winkle owned real property in Lincoln County, on August 17, 2010, BVL and Williams recorded a *Transcript of Judgment* reflecting the Otero County District Court judgment with the Lincoln County Clerk of Lincoln County, New Mexico. (*A copy of the Transcript of Judgment is attached as Exhibit "C" and is incorporated herein as if fully set forth*.)

D. Many months later, Van Winkle filed for relief under Chapter 13 of the Bankruptcy Code. The filing imposed the Automatic Stay on any enforcement of the Otero County District Court judgment.

    a) The Bankruptcy Court approved his Chapter 13 Plan.

    b) The Chapter 13 was later dismissed by the Bankruptcy Court for non-performance of the Plan.

E. Shortly thereafter Van Winkle filed for relief under Chapter 7 of the Bankruptcy Code in Bankruptcy Cause Number 13-11743-j7. The Chapter 7 filing was on May 21, 2013. Because of the filing, the Automatic Stay was again in effect.

    a) After obtaining a Bankruptcy Court Order lifting the Automatic Stay as to foreclosing the judgment lien on the Otero County property, BVL and Williams filed suit to foreclose their judgment lien obtained in Otero County in Otero County Cause Number CV-2010-1054.

    b) Judge Counts entered a Final Judgment foreclosing the judgment lien in Otero County on May 22, 2014. (*A copy of the* **Final Judgment** *is attached as* **Exhibit "D"** *to this Amended Complaint and is incorporated herein as if fully set forth.*)

    c) The Otero County property was sold at Special Master's Sale. On July 23, 2014, the Otero County District Court approved the sale and entered a Deficiency Judgment in the amount of $271,905.61 with the amount earning interest at the rate of 8.75% per annum The Order also stated:

> **"The deficiency is a lien on the debtor's [the Defendant's] real estate. While no deficiency judgment is granted on an** *in personam* **basis against the Estate of Fred Van Winkle, deceased, the lien created by the deficiency is collectable as provided in** Chapel v. Nevitt, **145 N.M. 674, 685, 203 P.3d 889, 900, 2009-NMCA-017."**
>
> (*A copy of the Order approving the Special Master's Sale and awarding the deficiency judgment is attached as*

*Exhibit "E" to this Amended Complaint and is incorporated herein as if fully set forth.)*

F. The judgment remains unsatisfied.

G. On April 15, 2015, the Bankruptcy Court entered an Order abandoning and removing assets from the Bankruptcy Estate. (*A copy of the Order is attached as* **Exhibit "F"** *to this Amended Complaint and is incorporated herein as if fully set forth.*)

H. BVL and Williams are now entitled to foreclose their judgment lien on the Lincoln County property for the purpose of satisfying the deficiency judgment.

I. The Lincoln County real estate that is subject to foreclosure is more particularly described as follows:

> **Apartment 11, Building D, PALISADES CONDOMINIUM PROJECT, PHASE II, Ruidoso, Lincoln County, New Mexico, as shown by the plot plan thereof filed in the office of the County Clerk and Ex-officio Recorder of Lincoln County, New Mexico, August 16, 1973 in Tube No. 490 and as further set forth, established and identified by the those certain Declarations, recorded in Miscellaneous Book 40, pages 967 to 993, both inclusive; TOGETHER WITH said apartment's undivided interest in the common area and facilities attributable thereto; SUBJECT TO easements, reservation, and restrictions of record. (Common address is 704 White Mountain Palisades # 11, Ruidoso, New Mexico 88345.)**

J. As further set forth in this Complaint, BVL and Williams are entitled to judgment foreclosing their judgment lien.

> a) In accordance with a prior Bankruptcy Court Order, the judgment lien is subject to a prior First Mortgage and the Estate's

homestead exemption allowed under New Mexico law. (*See subsequent paragraphs in this Amended Complaint regarding the First Mortgage and Estate's homestead exemption*.)

<u>First Mortgage</u>:

5. While Van Winkle was still alive and a single man, he borrowed money from the First National Bank of Ruidoso.

    A. Van Winkle, as maker, executed a promissory note in favor of the First National Bank in the original principal amount of $31,049.00. (*hereinafter referred to as the "Note"*)

        a) The Note was executed May 24, 2010.

        b) The principal amount earned interest at the rate of 4.7% per annum.

        (*A copy of the Note is attached as **Exhibit "G"** to this Amended Complaint and is incorporated herein as of fully set forth*.)

    B. For the purpose of securing the payment of the Note, Van Winkle also executed a Mortgage on the Lincoln County property in favor of the First National Bank of Ruidoso as Mortgagee (*hereinafter referred to as the "Mortgage"*). (*A copy of the Mortgage is attached as **Exhibit "H"** and is incorporated herein as of fully set forth*.)

        a) The Mortgage is a first and prior lien on Van Winkle's Lincoln County real property.

    C. Following Van Winkle's filing of his Chapter 7 bankruptcy, the Note and Mortgage's enforcement was subject to the Automatic Stay.

D. On or about August 6, 2013, Plaintiff, John Williams purchased the Note and Mortgage from the First National Bank of Ruidoso.

   a) John Williams paid $15,034.77 to the First National Bank of Ruidoso.

      i. The amount paid was the total indebtedness Van Winkle then owed the First National Bank of Ruidoso.

   b) The First National Bank of Ruidoso's *Assignment of Mortgage* was recorded on October 10, 2013 in Book 2013 at Page 7035 in the Records of the Lincoln County Clerk. (*A copy of the* ***Assignment of Mortgage*** *is attached as* ***Exhibit "I"*** *and is incorporated herein as if fully set forth*.)

E. With the purchase of the Note and the assignment of the Mortgage, John Williams stands in the shoes of the First National Bank. John Williams has all legal and equitable rights the First National Bank of Ruidoso held to enforce the Note and Mortgage.

   a) Pursuant to the terms of the Note and Mortgage, the Estate is the Successor in Interest and is the Borrower on the Note and the Mortgage.

   b) The Estate is subject to all the terms, conditions and obligations in the Note and the Mortgage.

F. John Williams's ability to enforce the terms of the Note and the Mortgage were still subject to the Automatic Stay.

6. The Bankruptcy Court Order of April 15, 2015, has resulted in John Williams being able to now enforce the terms of the Note and Mortgage. (*See* **Exhibit "G & H"** *attached to this Amended Complaint*.)

7. The Note and Mortgage are in default.

    A. The amounts owed are as follows:

        a) $15,034.77 for the purchase amount; plus

        b) Interest at the rate of 20% per annum, resulting in $5,125.28 through April 20, 2015[1]; plus

        c) Late Charges of $40.00 through April 20, 2015; plus

        d) Rent in the amount of $13,650.00 through April 20, 2015; plus

        e) Amounts that Williams has advanced in an amount to be determined by this Court; plus

        f) Attorney fees in an amount to be determined by this Court; plus;

        g) Costs of this suit and foreclosure.

8. John Williams is entitled to judgment against the Estate[2] in the amounts as shown above and to have the Mortgage declared a first and prior lien on the above-described Lincoln County real property.

    A. John Williams is entitled to have the Mortgage foreclosed and the real property sold according to New Mexico law at Special Master's Sale to satisfy the Note.

---

[1] Daily accrual of interest is at the rate of $8.24 per day.

[2] Because of Van Winkle's bankruptcy, the judgment is an *in rem* judgment enforceable only against the real estate that is subject to the Mortgage.

9. Under the terms of the Mortgage, Williams is entitled to have a receiver appointed by this Court. Francis Bubser, a licensed real estate broker in Ruidoso, Lincoln County, New Mexico, has agreed to act as receiver. The receiver has the authority to:

   A. Take possession of the property;

   B. Protect and preserve the property;

   C. Operate the property pending foreclosure sale;

   D. Collect rents derived from the property;

   E. Serve without the necessity of posting bond.

Homestead Exemption:

10. When Van Winkle filed his Chapter 7 bankruptcy, he claimed his $60,000.00 homestead exemption under New Mexico law.

11. After Van Winkle died, the Bankruptcy Court ruled that under the Bankruptcy Code, the Estate was entitled to the homestead exemption and could enforce the homestead exemption.

12. The Bankruptcy Court ruled the homestead exemption had priority over the BVL and Williams's judgment lien. The effect of the Bankruptcy Order is to require the satisfaction of the $60,000.00 homestead exemption before any portion of the sale proceeds are paid to satisfy any portion of the judgment lien.

   A. The sequence for payment from the proceeds received at a Special Master's sale are (1) satisfaction of the Note and Mortgage-payable to John Williams; (2) $60,000.00 for homestead exemption-payable to the

Estate; and (3) the balance on the BVL and Williams judgment lien—payable to BVL and Williams.

**WHEREFORE**, John Williams, BVL and Williams pray that that:

1. While the foreclosure is pending, Francis Bubser be appointed receiver with the authority set forth in Paragraph 9 above; and

2. Judgment be entered in John Williams favor for the amount owed on the Note and the Mortgage as follows:

   a. $15,034.77 for the purchase amount; plus

   b. Interest at the rate of 20% per annum, resulting in $5,125.28 through April 20, 2015 plus daily accrual in the amount of $8.24 per day; plus

   c. Late Charges of $40.00 through April 20, 2015; plus

   d. Rent in the amount of $13,650.00 through April 20, 2015; plus

   e. Amounts that Williams has advanced in an amount to be determined by this Court; plus

   f. Attorney fees in an amount to be determined by this Court; plus;

   g. Costs of this suit and foreclosure; and

3. This Court award attorney fees for enforcement of the Note and the Mortgage; and

4. The Mortgage securing the payment of the Note be foreclosed; and

5. The foreclosed real property be sold according to New Mexico law at public auction by a Special Master; and

6. The proceeds from the sale be paid to the parties in the following sequence:

a. First, to John Williams to satisfy the total amount owed on the Note as determined by this Court;

b. Second, $60,000.00 to the Estate to satisfy the homestead exemption; and

c. Third, the balance of the proceeds to BVL and Williams to be credited against their judgment entered by the Otero County District Court. If the proceeds are insufficient to satisfy the balance owed on the Otero County judgment, then a deficiency judgment for the unpaid balance be entered in accordance with the deficiency judgment previously entered by the Otero County District Court.

7. The Court grant such other and further relief as it deems proper.

**Martin, Dugan & Martin**

By_____
       W.T. Martin, Jr.
       P.O. Box 2168
       Carlsbad, NM 88221-2168
       575-887-3528
       575-887-2136 (facsimile)
       e-mail: martinlaw@zianet.com
       *Attorney for Plaintiffs*

REC DATE 7/25/14 REC TIME 9 04 48 AM INSTR# 201405221
OTERO COUNTY.DENISE GUERRA COUNTY CLERK PAGE 1 OF 4

# TWELFTH JUDICIAL DISTRICT COURT
# COUNTY OF OTERO
# STATE OF NEW MEXICO

| | |
|---|---|
| **Belleview Valley Land Co.**, a New Mexico corporation, and **John H. Williams**, and **Ellen B. Williams**, husband and wife, )<br>)<br>)<br>) | |
| Plaintiffs, )<br>) | |
| vs. ) | CV–2010–1054<br>Judge Counts |
| **Tammy Sprague, Personal Representative of the Estate of Fred Van Winkle**, Deceased, )<br>)<br>) | |
| Defendant )<br>) | |
| And ) | |
| **Brian Van Winkle** and **Judith A. Van Winkle**, his wife, )<br>)<br>)<br>) | |
| Defendants–in–Intervention. )<br>) | |

EXHIBIT "G"



REC DATE.7/25/14 REC TIME 9 04 48 AM INSTR# 201405221
OTERO COUNTY,DENISE GUERRA COUNTY CLERK PAGE 2 OF 4

**WHEREAS, JOHN R. HAKANSON**, is the appointed and acting Special Master in the above–styled and numbered foreclosure action; and

A.    **WHEREAS**, pursuant to his appointed authority, John R. Hakanson, the Special Master, offered for sale at public auction to highest and best bidder for cash the following–described property:

> A tract of land in the Northeast Quarter (NE ¼) of Section 24, T15S, R9E, NMPM, Otero County, New Mexico, described metes and bounds as follows:
>
> Beginning at the East One–Quarter corner (E ¼) of Section 24 and going S 89°51'38" W along the East/West centerline of said Section 24, a distance of 1525.75 feet; Thence N 00°37'16" W, a distance of 858.92 feet; Thence S 89°50'08" E, a distance of 1531.80 feet; Thence S 00°13'11" E, a distance of 850.76 feet to the said place of beginning.
>
> and
>
> LOT 5, RANCH'S OF RIATA, OTERO COUNTY, NEW MEXICO, as shown on plat Book 65, Page 21, records of Otero County, New Mexico.
>
> And
>
> ANY ADDITIONAL LAND WITHIN THE RANCH'S OF RIATA LESS LOTS 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16
> Included in this conveyance is that certain Well and all water rights appurtenant thereof which is located on the above-described property.
>
> *(hereinafter referred to as "the real property")*

and

**WHEREAS**, the public sale occurred on the 8th day of July 2014, at 10:00 o'clock a.m. at west door of the Otero County Courthouse in Alamogordo, Otero County, New Mexico, and

**WHEREAS**, the highest and best bid received was from **John H. Williams** and **Ellen B. Williams** in the amount of **Sixty-seven Thousand & ⁿᵒ/₁₀₀ Dollars**; and

**Special Master's Deed**

2

REC DATE:7/25/14 REC TIME:9 04 48 AM INSTR# 201405221
OTERO COUNTY,DENISE GUERRA COUNTY CLERK PAGE 3 OF 4

**WHEREAS**, it is proper for the Special Master to grant title to the property to **John H. Williams** and **Ellen B. Williams**, as purchasers:

**NOW THEREFORE**, John R. Hakanson, as Special Master, does hereby grant and convey to **John H. Williams** and **Ellen B. Williams**, who have an address of 18212 Jackson Road, Boonville, Missouri 65233, Grantees, the following–described property, situate and lying in Otero County, New Mexico:

> **A tract of land in the Northeast Quarter (NE ¼) of Section 24, T15S, R9E, NMPM, Otero County, New Mexico, described metes and bounds as follows:**
>
> **Beginning at the East One–Quarter corner (E ¼) of Section 24 and going S 89°51'38" W along the East/West centerline of said Section 24, a distance of 1525.75 feet; Thence N 00°37'16" W, a distance of 858.92 feet; Thence S 89°50'08" E, a distance of 1531.80 feet; Thence S 00°13'11" E, a distance of 850.76 feet to the said place of beginning.**
>
> **and**
>
> **LOT 5, RANCH'S OF RIATA, OTERO COUNTY, NEW MEXICO, as shown on plat Book 65, Page 21, records of Otero County, New Mexico.**
>
> **and**
>
> **ANY ADDITIONAL LAND WITHIN THE RANCH'S OF RIATA LESS LOTS 1, 2, 3, 4, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16**
>
> **Included in this conveyance is that certain Well and all water rights appurtenant thereof which is located on the above-described property.**
> *(hereinafter referred to as "the real property")*

John R. Hakanson
Special Master

Special Master's Deed

3

**STATE OF NEW MEXICO**  :
            : ss
**COUNTY OF OTERO**   :

   The foregoing instrument was acknowledged before me this 8th day of July 2014, by **John R. Hakanson**, Special Master.

                           _____
                           Notary Public

My Commission Expires:
8-29-2015

REC DATE 7/25/14 REC TIME 9 04:48 AM INSTR#:201405221 OR
OTERO COUNTY.DENISE GUERRA COUNTY CLERK PAGE 4 OF 4

**Special Master's Deed**

4