UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,                       Case No. 13-11743 t7

       Debtor.

TAMMY SPRAGUE, personal representative
of the estate of FRED DALE VAN WINKLE,

       Plaintiff,

v.                                                            Adv. No. 15-01047 t

JOHN WILLIAMS,
ELLEN B. WILLIAMS, and
BELLEVIEW VALLEY LAND CO., INC.,

       Defendants.

## MEMORANDUM OPINION

In this adversary proceeding Plaintiff alleges that Defendants violated the discharge injunction and a stipulated Court order. Defendants moved to dismiss the proceeding, arguing that the Court lacks jurisdiction to hear it. Alternatively, Defendants ask the Court to abstain. For the reasons set out below, the Court will neither dismiss nor abstain, so long as Plaintiff promptly files a motion to reopen the main case.

                 I.         PLAINTIFF'S ALLEGATIONS[1]

On August 13, 2010, Defendants obtained a $243,944 judgment in state court against the Debtor Fred Dale Van Winkle (together with fees and costs awarded February 4, 2011, the

---

[1] For the limited purpose of ruling on Defendants' motion to dismiss, the Court takes Plaintiff's allegations as true. See Section II(A) below. Further, since Defendants neither presented affidavits or other evidence, nor asked for an evidentiary hearing, the Court will rule on the abstention request based on the same allegations.

"Original Judgment"). Defendants filed transcripts of judgment in Lincoln and Otero Counties several days later, which attached to the Debtor's real property in those counties.

On May 21, 2013, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. Defendants were given notice of the filing. Debtor died on April 28, 2014. Plaintiff, the personal representative of Debtor's estate, became the party in interest. Debtor's estate received a discharge on August 26, 2013; the discharge order was mailed to Defendants two days later.

In December 2013 the Court entered an order modifying the automatic stay so Defendants could foreclose their judgment lien on Debtor's Otero County property. In July 2014 the Otero County property was sold at a special master's sale. Defendants were the high bidder with a $67,000 credit bid. On July 28, 2014, the state court approved the sale and entered a $271,906 deficiency judgment against Plaintiff (the "Deficiency Judgment"). Defendants recorded a transcript of the Deficiency Judgment. In May 2015 Defendants filed a motion in state court to foreclose the judgment lien created by the transcript of the Deficiency Judgment.

Pre-petition, Debtor's property in Lincoln County was encumbered by a mortgage held by First National Bank of Ruidoso and by Defendants' lien arising from the Original Judgment. On September 23, 2013, Debtor filed a motion in the bankruptcy case to avoid Defendants' judgment lien, alleging it impaired his homestead exemption. On January 27, 2015, the Court entered a stipulated order valuing the Lincoln County property and partially avoiding the lien arising from the Original Judgment (the "Stipulated Order"). Pursuant to the Stipulated Order, Defendants' judgment lien "attach[ed] only to the extent of any value over and above the stipulated value of the Property ($100,000) less the payoff of the First Mortgage less the Debtor's allowed Homestead Exemption ($60,000)."

-2-

Under the Stipulated Order, the prepetition judgment lien was limited to no more than $19,836. The Stipulated Order provided that the exact amount of the judgment lien would be established by a separate order when the parties determined the payoff amount of First National's mortgage.

Defendants later purchased the note and mortgage from First National. In May 2015, Defendants filed a complaint in the state court to foreclose the entire lien stemming from the Original Judgment, rather than the remaining $19,836 or less. Defendants also sought a deficiency judgment in that suit.

The Chapter 7 case was closed on June 25, 2015. Plaintiff has not moved to reopen the case.

## II.   DISCUSSION

A.   Rule 12(b)(1) Motions to Dismiss. Rule[2] 12(b)(1) allows a party to raise the defense of a court's "lack of jurisdiction over the subject matter" by motion. Such motions "generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject-matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).

On a facial attack, the Court must consider the complaint's allegations to be true. *See Ruiz*, 299 F.3d at 1180; *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981).

If a party goes beyond allegations in the complaint and challenges the facts upon which subject matter jurisdiction depends, the trial court may not presume the truthfulness of the allegations and has wide discretion to allow affidavits, other documents, and a limited evidentiary

---

[2] Here, "Rule" means the Federal Rules of Civil Procedure and "Bankruptcy Rule" means the Federal Rules of Bankruptcy Procedure.

-3-

hearing to resolve disputed jurisdictional facts. *Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (10th Cir. 1990) and *Wheeler v. Hurdman,* 825 F.2d 257, 259 n. 5 (10th Cir. 1987)). In such cases, referring to evidence outside the pleadings does not convert the motion to a Rule 56 motion. *Holt*, 46 F.3d at 1003; *Wheeler,* 825 F.2d at 259 n. 5.

Defendants argue: (1) this is not a core proceeding; (2) the Bankruptcy Court lacks jurisdiction under *Stern v. Marshall,* 131 S. Ct. 2594 (2011) and *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989); and (3) exercising jurisdiction would run afoul of Defendants' right to a jury trial. These are facial challenges to the Court's subject matter jurisdiction and can be decided as a matter of law. *See, e.g., In re Factory 2-U Stores, Inc.,* 2010 WL 3322448, *1 (Bankr. D. Del. 2010) (analyzing "arising under" jurisdiction as a facial challenge); *In re Hart Oil & Gas, Inc.,* 534 B.R. 35, 43 (Bankr. D.N.M. 2015) (*Stern* issues present a facial attack on the Court's subject matter jurisdiction); *In re Telemarketing Communications,* 95 B.R. 794, 795 (Bankr. D. Colo. 1989) (defendant's assertion that Court lacked jurisdiction over "non-core" proceedings was a facial attack on jurisdiction). Further, neither party requested a hearing or presented evidence in connection with the Motion, which has been fully briefed.

B. <u>Claim that Defendants Violated the Discharge Injunction</u>.

1. <u>Discharge Injunction Violation Claims are Core Proceedings</u>. Federal district courts have jurisdiction over "all civil proceedings arising under title 11, or arising in or related to a case under title 11" (*i.e.,* core proceedings) and any "proceeding that is not a core proceeding but that is otherwise related to a case under title 11." 28 U.S.C. § 1334. Pursuant to 28 U.S.C. § 157(a), the district court issued an order referring all such cases to the Bankruptcy Court.

"Section 157(b)(2) provides a lengthy but non-exhaustive list of core proceedings, including 'matters concerning the administration of the estate, orders approving the sale of property, and other proceedings affecting the liquidation of the assets of the estate.'" *Plotner v. AT&T Corp.,* 224 F.3d 1161, 1172-1173 (10th Cir. 2000) (citing 28 U.S.C. § 157(b)). Aside from that list, core proceedings are defined as "proceedings which have no existence outside of bankruptcy." *In re Johnson,* 575 F.3d 1079, 1082 (10th Cir. 2009).

"Non-core proceedings are other matters 'related to' the bankruptcy case." *Plotner,* 224 F.3d at 1173. Such "actions do not depend on the bankruptcy laws for their existence and … could proceed in another court." *Johnson,* 575 F.3d at 1082.

Like the automatic stay, the discharge injunction is a central provision of the Bankruptcy Code. It "prohibits efforts to collect a debt as a personal liability of the debtor[.]" *In re Paul,* 534 F.3d 1303, 1309 n. 6 (10th Cir. 2008) (emphasis omitted). A suit alleging a violation of the discharge injunction is therefore a core proceeding because it "derives directly from the Bankruptcy Code and can be brought only in the context of a bankruptcy case." *Johnson,* 575 F.3d at 1083 (quoting *MBNA Am. Bank, N.A. v. Hill*, 436 F.3d 104, 109 (2d Cir. 2006)). *See also In re Houlik*, 481 B.R. 661, 674 (10th Cir. BAP 2012) (suggesting that claims for violation of the discharge injunction are core proceedings); *In re Nat'l Gypsum Co.*, 118 F.3d 1056, 1063 (5th Cir. 1997) ("Courts have held that actions to enforce discharge injunctions are core proceedings because they call upon a bankruptcy court to construe and enforce its own orders."); *Dunmore v. U.S.,* 358 F.3d 1107, 1114 (9th Cir. 2004) ("[Plaintiff's] discharge injunction claim constitutes a core proceeding for which the bankruptcy court could enter a final order."); *In re Alexander,* 2015 WL 5168375, *1 (Bankr. W.D. Tex. 2015) ("a proceeding to enforce a discharge injunction is a core proceeding under § 157(b)(2)(O) of title 28 …. Bankruptcy courts have jurisdiction over such

cases and may even reopen a closed case to ensure that the purpose of its discharge order is not undermined").

Defendants appear to assert the proceeding is non-core because the issues underlying the alleged violation of the discharge injunction, such as foreclosure, merger, and redemption rights, are non-core issues governed by state law. This argument is unavailing. Plaintiff has not asked the Court to adjudicate those issues, and Defendants' responsive pleadings do not put them before the Court. The Court must simply decide whether Defendants violated § 524, a dispute that falls squarely within the Court's core jurisdiction.

2. <u>Constitutional Jurisdiction</u>. Alternatively, Defendants argue that even if this is a core proceeding, the Court lacks jurisdiction to hear Plaintiff's claims under *Stern v. Marshall,* 131 S.Ct. 2594 (2011), and *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 (1989). *Stern* dealt with the constitutional limits of bankruptcy court jurisdiction over state law claims. *Granfinanciera* held that defendants in a fraudulent conveyance action were entitled to a jury trial even though such actions are core proceedings. Those cases have nothing to do with the claim at issue, which simply requires the Court to determine whether Defendants attempted to collect a pre-petition debt as a personal liability of the Debtor's estate.

Plaintiff's § 524 claim turns mostly on the facts, *i.e.* what actions Defendants took post-discharge, what debt they sought to collect, etc. However, to the extent New Mexico property and mortgage law may have to be construed to resolve the dispute, it does not change the result. If state law issues must be determined as a necessary part of ruling on bankruptcy issues, the bankruptcy court still has jurisdiction. *See, e.g., In re Frazin,* 732 F.3d 313 (5th Cir. 2013) (bankruptcy court could rule on debtor's malpractice counterclaim against his bankruptcy counsel as part of ruling on the counsel's fee application); *GMAC Mortg., LLC v. Orcutt*, 506 B.R. 52 (D.

Vt. 2014) (bankruptcy court has jurisdiction to enter final judgments on state law issues when they must necessarily be resolved as part of the bankruptcy proceeding); *In re Poplar Run Five Ltd. Partnership,* 192 B.R. 848, 856-857 (Bankr. E.D. Va. 1995) ("Simply because the proceeding presents questions of state law does not necessarily mean that the proceeding is … beyond the jurisdiction of the bankruptcy courts. … A proceeding that involves state-law questions may still fall within the "core" jurisdiction of this Court if it "arises in" a case under title 11."); *In re Alberston,* 535 B.R. 662, 667 (Bankr. S.D. W.Va. 2015) (analyzing jurisdiction under *Stern* and *Granfinanciera* and noting that the existence of state law issues does not automatically deprive the bankruptcy court of jurisdiction).

In sum, there is no question the Court has jurisdiction to adjudicate whether a creditor violated the discharge injunction. *See In re Loving,* 269 B.R. 655, 657 (Bankr. S.D. Ind. 2001) (collecting cases and noting that "[a] substantial number of [bankruptcy] courts" have "exercised jurisdiction over actions to enforce the discharge injunction").

   3. <u>There is No Jury Trial Right</u>.  Finally, Defendants ask the Court to dismiss the adversary proceeding because they may have a right to a jury trial.  This argument is meritless. Proceedings to determine whether a creditor violated the discharge injunction and/or a court order involve civil contempt, and a jury trial is not required.  *In re Paul,* 534 F.3d 1303, 1311 (10th Cir. 2008) (describing an action under § 524(a)(2) as a "contempt proceeding"); *International Union, United Mine Workers of America v. Bagwell,* 512 U.S. 821, 827 (1994) ("[C]ivil contempt sanctions … may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard.  Neither a jury trial nor proof beyond a reasonable doubt is required."); *U.S. v. Carroll,* 567 F.2d 955, 958 (10th Cir. 1977) ("The proceedings related to civil contempt and a jury trial was not required.").

4. <u>The Court Should Not Abstain</u>. In the alternative, Defendants ask the Court to abstain from hearing the dispute.[3]

    a. <u>Mandatory Abstention</u>. 28 U.S.C. § 1334(c)(2), which governs "mandatory abstention," provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

The requirements for mandatory abstention are:

    1) the motion for abstention must be timely filed;
    2) the matter must be based on a state law claim or cause of action;
    3) an action has been commenced in state court;
    4) the action can be timely adjudicated in state court;
    5) the claim is within the Court's non-core jurisdiction; and
    6) there is no independent source of federal jurisdiction that would have permitted the plaintiff to commence the action in federal court in the absence of the bankruptcy case.

*Hernandez v. Lasalle Bank, N.A. (In re Hernandez)*, 2010 WL 5155011, at *4 (Bankr. N.M. 2010) (citing *In re Mobile Tool Intern.,* 320 B.R. 552, 556 (Bankr. D. Del. 2005) and *In re Gregory Rock House Ranch, LLC,* 339 B.R. 249, 253 (Bankr. D.N.M. 2006)). Here, the first, third, fourth, and sixth elements could arguably be met, but the second and fifth clearly are not. Mandatory abstention is not required.

    b. <u>Permissive Abstention</u>. 28 U.S.C. § 1334(c)(1), which governs "permissive abstention," provides in pertinent part:

---

[3] Defendants did not say whether they sought mandatory or permissive abstention, although in their reply brief they referred to 28 U.S.C. § 1334(c)(2) (mandatory absention). The Court will discuss both.

-8-

> [N]othing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Permissive abstention is driven in large part by comity principles. *See In re Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996) (Congress intended to address concerns of comity with the permissive abstention statute); *In re Wood*, 825 F.2d 90, 93 (5th Cir. 1987) (same); *In re Middlesex Power Equipment & Marine, Inc.*, 292 F.3d 61, 69 (1st Cir. 2002) (permissive abstention decision driven by interests of justice, comity, and respect for state law); *In re DPH Holdings Corp.*, 2013 WL 3948683, *12 (S.D.N.Y. 2013) (emphasizing comity concerns). Where, as here, the Court is asked to interpret and enforce the Bankruptcy Code and its own orders, comity is not a major concern.

> The factors courts analyze in determining whether to abstain under § 1334(c)(1) include:
>
> 1) the effect that abstention would have on the efficient administration of the bankruptcy estate;
> 2) the extent to which state law issues predominate;
> 3) the difficulty or unsettled nature of applicable state law;
> 4) the presence of a related proceeding commenced in state court or other nonbankruptcy court;
> 5) the federal jurisdictional basis of the proceeding;
> 6) the degree of relatedness of the proceeding to the main bankruptcy case;
> 7) the substance of the asserted "core" proceeding;
> 8) the feasibility of severing the state law claims;
> 9) the burden the proceeding places on the bankruptcy court's docket;
> 10) the likelihood that commencement of the proceeding in bankruptcy court involves forum shopping by one of parties;
> 11) the existence of a right to jury trial; and
> 12) the presence of nondebtor parties in the proceeding.

*Hernandez*, 2010 WL 5155011, at *4 (citing *In re Commercial Financial Services, Inc.,* 251 B.R. 414, 429 (Bankr. N.D. Okla. 2000), *reconsideration granted in part,* 225 B.R. 68 (Bankr. N.D. Okla. 2000), and *In re Republic Reader's Service, Inc.,* 81 B.R. 422, 428–29 (Bankr. S.D. Tex.

1987)). Of these twelve factors, two factors (4 & 12) favor abstention, while the rest do not. Overall, the *Hernandez/Bartmann* factors weigh heavily against permissive abstention. Because of this and the lack of any comity concerns, the Court will not abstain under 28 U.S.C. § 1334(c)(1).

      C.     <u>Claim that Defendants Violated the Stipulated Order</u>.

          1.     <u>Enforcing the Stipulated Order is a Core Proceeding</u>. Like all courts, the Bankruptcy Court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders." *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 152 (2009). *See also In re Williams*, 256 B.R. 885, 892 (8th Cir. BAP 2001) ("It is … well established that bankruptcy courts retain jurisdiction after a case has been dismissed or closed to interpret or enforce previously entered orders."). Court orders, including stipulated orders memorializing settlement agreements, are typically enforced through contempt proceedings. *Consumers Gas & Oil, Inc. v. Farmland Industries, Inc.,* 84 F.3d 367, 371 (10th Cir. 1996) (settlement terms in a stipulated order are enforceable through contempt proceedings); *In re Smith*, 2012 WL 566246, at *7 (W.D. Tex. 2012) (when a settlement agreement is incorporated into a stipulated order, it becomes a court decree that is enforceable through contempt proceedings).

Further, "the enforcement of orders resulting from core proceedings are themselves considered core proceedings." *Williams*, 256 B.R. at 892. *See also In re Skinner,* 917 F.2d 444, 448 (10th Cir. 1990) ("Civil contempt proceedings arising out of core matters are themselves core matters."); *In re Franklin*, 802 F.2d 324, 326 (9th Cir. 1986) ("Requests for bankruptcy courts to construe their own orders must be considered to arise under title 11 if the policies underlying the Code are to be effectively implemented."). Because a motion to avoid a lien under § 522(f) is a

-10-

core proceeding,[4] Plaintiff's claim that Defendants violated the Stipulated Order resolving that motion is also a core proceeding.

    2.    <u>Constitutional Jurisdiction</u>. It is unclear whether Defendants' arguments regarding *Stern* and *Granfinanciera* are limited to Plaintiff's § 524 claim. To the extent Defendants argue the Court lacks constitutional authority to enforce the Stipulated Order, the argument is unavailing. Nothing in *Stern*, *Granfinanciera,* or their progeny prohibit bankruptcy courts from enforcing their own orders.

    3.    <u>There is No Jury Trial Right</u>. As set forth above, there is no jury trial right in a civil contempt proceeding. Defendants' argument about its right to a jury trial therefore is overruled.

    4.    <u>The Court Should Not Abstain</u>. The analysis above on mandatory and permissive abstention applies equally to enforcement of the Stipulated Order. The Court is in the best position to interpret and enforce its own orders. That task should not be foisted off onto a state court. Abstention is not required or advisable.

    D.    <u>Declaratory Judgment Claim</u>.

Plaintiff's declaratory judgment claim alleges:

> A Declaratory Judgment is necessary from this Court in order to rule on the effect of the Van Winkle's bankruptcy discharge as it applies to the legality of the tactics of BLV and Williams in the state court lawsuits. A Declaratory Judgment may be necessary in order to further challenge and to have those orders set aside on Rule 60 grounds in the state court proceedings since the action was taken in violation of the discharge injunction.

---

[4] *See In re Quade,* 482 B.R. 217, 221 (Bankr. N.D. Ill. 2012) ("A motion to avoid a judicial lien under section 522(f)(1) of the Bankruptcy Code arises in a case under title 11, and a determination of the validity, extent, or priority of liens is specified as a core proceeding."); *In re Fix,* 2015 WL 7755353, *1 (Bankr. D. Mont. 2015) ("Debtors' … Motions to avoid judicial liens are core proceedings under 28 U.S.C. § 157(b)(2)).

-11-

The Court construes the allegation as a request to declare that actions taken in violation of the discharge injunction are void. If the Court ultimately determines Defendants violated the discharge injunction, the consequences will be discussed at that time.

    E. <u>Failure to File a Motion to Reopen</u>. Defendants also complain that Plaintiff filed this adversary proceeding without seeking to reopen the main bankruptcy case. This complaint is justified. The Court will dismiss the adversary proceeding if the Plaintiff does not file a motion to reopen within ten days after entry of this Memorandum Opinion. If the motion is timely filed, the Court will grant it without further notice or hearing.

### III.   <u>CONCLUSION</u>

The Court clearly has jurisdiction to hear claims asserting violation of the discharge injunction and the Stipulated Order. Defendants' motion to dismiss for lack of jurisdiction will therefore be denied, so long as Plaintiff timely files a motion to reopen the main case. The Court will not abstain. A separate order consistent with this memorandum opinion will be entered.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: January 14, 2016

Copies to:

R. Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004

Jennie Behles
P.O. Box 7070
Albuquerque, NM 87194

-12-

Case 15-01047-t    Doc 27    Filed 01/14/16    Entered 01/14/16 10:25:25    Page 12 of 12