UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

FRED DALE VAN WINKLE,                                 Case No. 13-11743 t7

      Debtor.

TAMMY SPRAGUE, personal representative
of the estate of FRED DALE VAN WINKLE,

      Plaintiff,

v.                                                                           Adv. No. 15-01047 t

JOHN WILLIAMS,
ELLEN B. WILLIAMS, and
BELLEVIEW VALLEY LAND CO., INC.,

      Defendants.

## **MEMORANDUM OPINION**

Defendants have asked the Court to reconsider its order denying their motion to dismiss this adversary proceeding. The Court has reviewed each argument in support of the motion and concludes reconsideration is not warranted. The motion therefore will be denied.

    A.     The Challenged Order Is Interlocutory.

The Court's order denying Defendants' motion to dismiss is interlocutory. *See Conrad v. Phone Directories Co., Inc.* 585 F.3d 1376, 1380 (10th Cir. 2009) ("By its very nature, the decision to deny a motion to dismiss is not final"); *John E. Burns Drilling v. Central Bank of Denver*, 739 F.2d 1489, 1491 (10th Cir. 1984) ("the denial of a motion to dismiss is not a 'final decision'"); *Magic Circle Energy v. Lindsey (In re Magic Circle Energy),* 889 F.2d 950, 954 (10th Cir. 1989) (Bankruptcy court's "denial of a motion to dismiss, even when the motion is based on jurisdictional grounds, is not immediately reviewable").

B.   Standard for Reviewing Motions to Reconsider Interlocutory Orders.

The standard for reviewing motions to reconsider interlocutory orders is different than for final orders. *See, e.g., Estate of Jacoby v. Nancy Akbari-Shahmirzadi (In re Akbari-Shahmirzadi),* 2013 WL 1099794, *3 (Bankr. D.N.M. 2013) (discussing the different standards and citing cases). Rules[1] 59 and 60 govern reconsideration of final orders and judgments. *Id.* at *4-5. Grounds warranting reconsideration under those rules include, inter alia, an intervening change in controlling law, newly discovered evidence, the need to correct error, and fraud. *Schlecht v. Lockheed Martin, Corp.,* 2015 WL 5672695, *2 (10th Cir. 2015) (citing Rule 59 standard); *Wright v. Hickman,* 36 Fed. Appx. 395, 400 (10th Cir. 2002) (citing Rule 60(b) standard).

Rule 54(b) provides the mechanism for reconsidering interlocutory orders. It states that an order adjudicating fewer than all claims of all parties "may be revised at any time before the entry of a judgment…" *See also Raytheon Constructors, Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) (Rule 54, not Rule 60, provides the basis for reconsidering an interlocutory order); *C & A Const. Co. v. DHC Dev.,* 501 Fed. Appx. 763, 779 (10th Cir. 2012) (citing Rule 54); *Trujillo v. Board of Educ. of Albuquerque Public Schools,* 212 Fed. Appx. 760, 765 (10th Cir. 2007) (same).

While most courts acknowledge that Rules 59 and 60 do not apply to interlocutory orders, they tend to disagree on what standard to apply in reconsidering such orders. Some courts apply a strict standard of review, which parallels the Rule 59 analysis. *See, e.g., Shervington v. Village of Piermont,* 732 F. Supp. 2d 423, 425 (S.D.N.Y. 2010) (grounds justifying reconsideration under Rule 54(b) are similar to those under Rule 59); *Lancer Ins. Co. v. Malco Enter. of Nevada, Inc.*, 2012 WL 2886708, at *1 (D. Utah 2012) (court applied a Rule 59(e) analysis to decide a motion

---

[1] "Rule" refers to the Federal Rules of Civil Procedure, while "Bankruptcy Rule" refers to the Federal Rules of Bankruptcy Procedure.

to reconsider); *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 327 (D. Kan. 2002) (while Rule 59(e) does not apply to interlocutory orders, the standards established under that rule would be used); *Naylor Farms, Inc. v. Anadarko OGC Co.*, 2011 WL 7053794, at *1 (W.D. Okla. 2011) (applying Rule 59(e) to a motion to reconsider an interlocutory order); *Adetomiwa v. Redstone College,* 2015 WL 9259964, *1 (D. Colo. 2015) (the "prevailing approach demonstrates that courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error"); *Brown v. K-MAC Enter.*, 2012 WL 4321711, at *3 (N.D. Okla. 2012) (court may analyze Rule 54(b) motions under either Rules 59(e) or 60(b)).

A smaller number of courts rely on their general discretionary authority to reconsider non-final orders as appropriate, or as justice requires. *See, e.g., Friedman v. Dollar Thrifty Automotive Group, Inc.,* 2015 WL 8479746, *2 (D. Colo. 2015) ("In deciding a motion to reconsider an interlocutory order, the court is not bound by the stricter standards for considering a Rule 59(e) or 60(b) motion.… Instead, a court has plenary power to revisit and amend interlocutory orders as justice requires."); *Trujillo v. Board of Education of the Albuquerque Public Schools*, 470 F. Supp. 2d 1270, 1275 (D.N.M. 2005), *aff'd and remanded on other grounds*, 212 Fed. Appx. 760 (10th Cir. 2007) (applying the discretionary standard and determining that it was in the interests of justice to grant the motion); *Stoffels ex rel. SBC Telephone Concession Plan v. SBC Communications,* 677 F.3d 720, 728-729 (5th Cir. 2012) ("[A] trial court is free to reconsider and reverse interlocutory orders for any reason it deems sufficient….") (quotations omitted).[2]

---

[2] *See also Elephant Butte Irrigation Dist. v. United States Dep't of Interior,* 538 F.3d 1299, 1306 (10th Cir. 2008) (under Rule 54(b), "'every order short of a final decree is subject to reopening at the discretion of the district judge'") (quoting *Price v. Philpot,* 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005)); Rule 60(b), Advisory Committee Notes accompanying the 1946 Amendment ("Interlocutory judgments ... are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.").

The Court prefers the discretionary standard, and believes it is more consistent with Tenth Circuit law. *See Raytheon Constructors Inc. v. ASARCO, Inc.,* 368 F.3d 1214, 1217 (10th Cir. 2003) ("The district court was incorrect to treat Raytheon's motion for reconsideration under Rule 60(b), which only applies to final orders or judgments."); *Trujillo v. Board of Educ. of Albuquerque Public Schools,* 2007 WL 80698 (10th Cir. 2007) ("The district court … had the general discretionary authority to review its [non-final] order … and … was not bound by the stricter standards for considering a Rule 59(e) or Rule 60(b) motion.").

The Court will therefore review the motion to reconsider under its "general discretionary authority" and will not apply Rule 59(e) or Rule 60(b) standards. No particular test or set of factors will be employed. In general, however, the Court will look with a jaundiced eye on "rehash" arguments. Also, if the legal arguments or evidence could have been presented in the original motion but were not, the Court may deny the motion to reconsider in the interests of fairness and finality. Finally, the movant's facts or arguments in support of a motion to reconsider typically will need to be strong and convincing for the Court to change its ruling.

  C. <u>Defendants' Arguments in Support of the Motion to Reconsider</u>.

    1. <u>Alleged Manifest Mistake of Fact</u>.  Defendants first argue that the Court made "manifest mistakes" of fact in connection with its ruling. This argument has no merit because the Court did not make findings of fact. As set forth in the Memorandum Opinion, Defendants' motion to dismiss was a Rule 12(b)(1) "facial attack" on the sufficiency of Plaintiff's complaint. As such, the Court considered the complaint's allegations to be true. *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002); *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir. 1981). The Memorandum Opinion has a section entitled "Plaintiff's Allegations," which

Case 15-01047-t    Doc 41    Filed 03/10/16    Entered 03/10/16 15:57:20 Page 4 of 9

explains that the Court accepted the allegations "for the limited purpose of ruling on Defendant's motion to dismiss."

        2.    <u>Reopening the Main Bankruptcy Case</u>. Defendants next assert that the Court erred in allowing Plaintiff to file the adversary proceeding before re-opening the main bankruptcy case. This argument is overruled because, as Plaintiff points out in her response, the main case was open when Plaintiff filed the adversary proceeding.

Defendants also argue that they should have been given the opportunity to object to Plaintiff's motion to reopen the case. The Court disagrees, for several reasons. First, reopening the case probably was not necessary. *See, e.g., Koehler v. Grant,* 213 B.R. 567, 569-70 (8th Cir. BAP 1997) (court had jurisdiction to sanction a party for violating a court order even after closure of the case in which the order had been entered); *In re Menk*, 241 B.R. 896, 910 (9th Cir. BAP 1999) (there is no need to reopen a case to rule on a discharge injunction violation claim; reopening might be for administrative convenience, but has no jurisdictional significance); *In re Cano*, 410 B.R. 506, 547-48 (Bankr. S.D. Tex. 2009) ("it is well established that courts retain jurisdiction to enforce their own orders"); *In re Danney*, 50 Fed. Appx. 848, 849 n.3 (9th Cir. 2002) (citing *Menk* and *Koehler* with approval); *In re Murphy,* 2013 WL 6799251, *6 n. 17 (Bankr. D. Me. 2013) ("[T]he 'open' or 'closed' status of Murphy's bankruptcy case does not impact this court's jurisdiction to hear this adversary proceeding in any way. Disputes addressing discharge injunction violations most commonly arise well after formal closure of a debtor's bankruptcy case."); *In re Commercial Financial Services, Inc.,* 247 B.R. 828, 844 (Bankr. N.D. Okla. 2000) (same).

Second, reopening a closed bankruptcy case is a ministerial act, with no independent legal significance. *See, e.g., In re Woods*, 173 F.3d 770, 777 (10th Cir. 1999) ("reopening … is merely a ministerial or mechanical act that ... has no independent legal significance and determines

nothing with respect to the merits of the case") (citations omitted); *In re Tres Hermanos Dairy, LLC,* 2013 WL 6198219, at *1, n. 2 (Bankr. D.N.M. 2013) (same); *Menk*, 241 B.R. at 910 (citing Collier on Bankruptcy, and holding that if a motion to reopen is required for administrative purposes, it should be granted as a matter of course). Because of its ministerial nature, and because the adversary could proceed in any event, there was no need to give Defendants an opportunity to be heard.

The Court will not reconsider its decision to reopen the case without notice or a hearing.

      3.    <u>Standing</u>. Defendants argue Plaintiff lacks standing to pursue the asserted claims because she is the debtor's personal representative, not the debtor. As this argument was made for the first time in the motion to reconsider, it is subject to summary denial. In any event, the argument fails.

Only real parties in interest—*i.e.,* the party who suffers the injury—may institute civil contempt actions. *Infant Swimming Research Inc. v. Faegre & Bensen, LLP,* 2009 WL 1598452, *5-6 (10th Cir. 2009) (only the party who suffered an injury-in-fact has standing to request damages for civil contempt); *Spangler v. Pasadena City Board of Education*, 537 F.2d 1031, 1032 (9th Cir. 1976) (dissent, citing *Macneil v. United States,* 236 F.2d 149, 153-55 (1st Cir. 1956)); *Williams v. Iberville Parish School Bd.* 273 F. Supp. 542, 545 (E.D. La. 1967). Here, the potentially injured party is debtor's personal representative, since debtor's probate estate received the benefit of his discharge. *See, e.g., In re Lucio,* 251 B.R. 705, 710 (Bankr. W.D. Tex. 2000) (if debtor dies during a Chapter 7 case, the discharge will relieve the debtor's probate representative of the liability for discharged debts); *In re Perkins,* 381 B.R. 530, 533 (Bankr. S.D. Ill. 2007) (same). Plaintiff

therefore has standing to complain about Defendants' alleged violations of the discharge injunction entered in this case.[3]

    4.    <u>Granting Relief Beyond That Requested In The Complaint</u>. Defendants next allege the Court "granted relief beyond that requested in the complaint which it cannot do as a matter of law." Motion, p. 11. They argue:

> The Court in this case seemed to rule that it was potentially the case that Belleview and its counsel had, in filing its state court complaint and proceeding through to foreclosure on its judgments [sic] lien against one property, (bearing in mind it had transcribed judgments in two other counties against two other properties) had in some way either violated the court order relating to lien avoidance or the discharge injunction.

*Id*. This is patently untrue. The only action taken by the Court was to deny Defendants' motion to dismiss. The Court made no findings whatsoever, nor any conclusions of law except that it had jurisdiction over the dispute. There has been no adjudication on the merits of Plaintiff's claims, including whether Defendants violated the discharge injunction or another court order. Further, even if such a ruling had been made (and it clearly was not), it would not exceed the scope of the complaint. The complaint specifically asks for a ruling that Defendants' actions violated the discharge injunction and an order relating to lien avoidance.

    5.    <u>Jury Trial Right</u>. In their motion to reconsider, Defendants argue for the first time that the proceeding should be dismissed because Defendants have a right to a jury trial on Plaintiff's punitive damages claim, which may constitute a criminal contempt proceeding. This argument is unavailing. In *International Union, United Mine Workers of Am. v. Bagwell,* 512 U.S. 821 (1994), the Supreme Court ruled that a party has the right to a jury trial for "'serious' criminal

---

[3] The primary and perhaps sole remedy for violations of court orders such as the discharge injunction is to request sanctions against the contumacious party. *In re Paul,* 534 F.3d 1303, 1307 (10th Cir. 2008); *Cox v. Zale Del. Inc.,* 239 F.3d 910, 913 (7th Cir. 2001); *Bessette v. Avco Financial Services,* 230 F.3d 249 (1st Cir. 2000). Plaintiff asks for sanctions in this proceeding.

-7-

contempt involving imprisonment of more than six months . . ." or for "serious" criminal monetary sanctions. 512 U.S. at 826-827, 838, n.5 (fines of more than $52 million are serious, while a sanction of $10,000 is not). *See also NLRB v. Local 3, Intern. Broth. of Elec. Workers*, 471 F.3d 399, 404-405 (2$^d$ Cir. 2006) (compliance fines of $20,000 are civil, not criminal); *New York State Nat. Organization for Women v. Terry*, 159 F.3d 86, 94 (2$^d$ Cir. 1998) (sanction of $50,000 is not large enough to require jury trial). The punitive damages claim in this case does not rise to the "serious" level described in *Bagwell*. Defendants therefore do not have a right to a jury trial.

Even if they did, however (or if the Court lacked jurisdiction to impose criminal contempt sanctions),[4] dismissal would not be appropriate. Rather, in such an event the Court either could hear the matter and submit a report and recommendation to the district court or, if the reference were withdrawn, prepare the matter for trial. *See, e.g., Smelcer v. Citizens Bank of Kilgore*, 534 B.R. 35, 43 (Bankr. D.N.M. 2015) (if there are *Stern* jurisdiction issues, the role of the bankruptcy court is to hear the claims and submit a report and recommendation to the district court).

6. <u>Abstention</u>. Defendants' only new argument regarding abstention is that the adversary proceeding "is not a core proceeding . . . as the case is closed . . . ." The case was pending when Plaintiff filed this adversary proceeding, however, and is open now. This argument therefore is meritless.

7. <u>*Rooker-Feldman* and State Court Claims</u>. Defendants once again argue that the *Rooker-Feldman* doctrine requires dismissal of the adversary proceeding, and that Plaintiff seeks to litigate state court claims in the bankruptcy court. The Court dealt with these arguments earlier, and nothing new is asserted in the motion to reconsider. Further, to the extent Defendants

---

[4] *See In re Armstrong,* 304 B.R. 432, 438 (10th Cir. BAP 2004) ("the … bankruptcy court did not have the jurisdiction to assess criminal sanctions").

-8-

ask the Court to reconsider its ruling based on the allegation that Defendants merely sought to enforce their *in rem* claims in state court, the motion is denied. The present issue is jurisdiction, not the merits of Plaintiff's complaint.

        8.    <u>Rule 11 Sanctions</u>. Plaintiff's request for sanctions, and Defendants' response thereto, will be addressed by separate order.

### III. CONCLUSION

Defendants failed to demonstrate the Court should reconsider its ruling on the motion to dismiss. The motion to reconsider will be denied. A separate order will be entered.

_____
David T. Thuma
United States Bankruptcy Judge

Entered: March 10, 2016.

Copies to:

R. Trey Arvizu, III
P.O. Box 1479
Las Cruces, NM 88004

Jennie Behles
P.O. Box 7070
Albuquerque, NM 87194