# UNITED STATES BANKRUPTCY APPELLATE PANEL OF THE TENTH CIRCUIT

**In Re Fred Dale Van Winkle,**
  **Debtor,**

**Tammy Sprague,** personal representative
of the estate of **Fred Dale Van Winkle,**
  **Plaintiff-Appellee,**

v.

**John Williams, Ellen B. Williams,** and
**Belleview Valley Land Co., Inc.**
  **Defendants-Appellants.**

BAP No. NM-17-031
BAP No. NM-17-032
BAP No. NM-17-033

Bankr. No. 13-11743
Adv. No 15-01047
Chapter 7

## STATEMENT OF ISSUES TO BE PRESENTED

**John Williams, Ellen B. Williams and Belleview Valley Land Co., Inc.**, Appellants, pursuant to Federal Rule of Bankruptcy Procedure 8009(a), hereby states the issues to be presented on appeal:

1. The bankruptcy court erred when it ruled that it had subject matter jurisdiction over the adversary proceeding.

   a. The bankruptcy court committed reversible error by failing to follow the *Rooker–Feldman Doctrine* and rule that it did not have subject matter jurisdiction.

2. The bankruptcy court erred when it failed pursuant to **NMRA 12-607** to certify to the New Mexico Supreme Court a controlling question of law regarding the redemption of foreclosed real property in New Mexico, which New Mexico has not squarely addressed in its appellate decisions.

    a. New Mexico has never specifically ruled whether the ability to redeem foreclosed real property is an *in rem* right.

    b. New Mexico has not ruled on a deficiency judgment creditor being able to enforce a deficiency lien on real property that was abandoned and foreclosed post–bankruptcy discharge. This is a state law issue that needs to be determined by the New Mexico Supreme Court.

3. The bankruptcy court erred when it ruled the Appellants had violated the bankruptcy discharge injunction by pursuing New Mexico law that allowed enforcement of a deficiency judgment by means of the foreclosure of property that is redeemed by the debtor.

    a. The bankruptcy court erred when it ruled that the right of redemption on previously abandoned and foreclosed real property was not a prepetition asset.

    b. The bankruptcy court erred when it ruled redemption was not an *in rem* property right.

    c. The bankruptcy court erred when it failed to take into account the right of redemption had been scheduled as an asset of the bankruptcy estate and was then abandoned by the Bankruptcy Court as an asset having no value.

4. The bankruptcy court erred when it ruled the Appellants had violated the 524 Order as to the real property in Lincoln County, New Mexico.

    a. The bankruptcy court committed reversible error because the Appellants had taken no action and therefore could not have violated the discharge injunction.

5. The bankruptcy court erred when it awarded both compensatory and punitive damages for the Appellants' alleged violation of the bankruptcy discharge.

a. An award of compensatory damages is reversible error when the Appellants did not violate the bankruptcy discharge.

   i. The Bankruptcy Court committed reversible error by awarding compensatory damages when insufficient evidence had been presented to support a claim for award of attorney fees.

   ii. The Bankruptcy Court committed reversible error by awarding compensatory damages to the Plaintiff for Personal Representative fees where the New Mexico Probate Court had not yet awarded the Personal Representative any fees for her services to the probate estate.

b. An award of punitive damages as sanctions is reversible error when the Appellants relied upon substantial precedent that supported the Appellants' position that their enforcement of a deficiency judgment by means of foreclosure of the redeemed property was a proper *in rem*.

Behles Law Firm, P.C.

By_____

Behles Law Firm, P.C.
Jennie Deden Behles
P.O. Box 7070
Albuquerque, NM 87194-7070
(505) 242-7004
Fax: (505) 242-7066
e-mail: jennie@jdbehles.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

    I, Jennie D. Behles, hereby certify that on July 21st 2017, I served copies of the foregoing, *Statement of Issues to be Presented* on the following person, who is opposing counsel of record by way of CM/ECF:

        R. Trey Arvizu, III,
        P.O. Box 1479
        Las Cruces, NM 88004

        Behles Law Firm, P.C.

    By _____
        Behles Law Firm, P.C.
        Jennie Deden Behles
        P.O. Box 7070
        Albuquerque, NM 87194-7070
        (505) 242-7004
        Fax: (505) 242-7066
        e-mail: jennie@jdbehles.com
        *Attorneys for Defendants*