# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

IN RE: JENNIE DEDEN BEHLES          No. 1:19-mc-00019-WJ-KG-LF

## ORDER OF DISBARMENT

Before Panel Members **William P. Johnson**, Chief United States District Judge, **Kenneth J. Gonzales**, United States District Judge, and **Laura Fashing**, United States Magistrate Judge.

---

Jennie Deden Behles, who has been disbarred by the State of New Mexico Supreme Court and the United States Court of Appeals for the Tenth Circuit, seeks relief from the District of New Mexico's Rule of Good Standing which does not allow an attorney who has been disbarred from the practice of law to practice before this Court.[1] For the reasons stated below, the Court denies Ms. Behles' request for relief from the Rule of Good Standing and disbars Ms. Behles from the Bar of the District of New Mexico.

**Background**

The disciplinary proceedings against Ms. Behles began on May 10, 2017, when Chad Aldawood, member/manager of Dubalouche, LLC, filed a Complaint Against an Attorney with the Disciplinary Board of the Supreme Court of New Mexico. *See* Doc. 18-1, filed May 14, 2019 ("Complaint"). The Complaint shows that Dubalouche made several payments to Ms. Behles including one for $7,500 on December 22, 2014, and another for $25,000 on September 9, 2015,

---

[1] Ms. Behles was represented by W.T. Martin, Jr. and Marion J. Craig III in the proceedings before the New Mexico Disciplinary Board, the New Mexico Supreme Court, the United States Court of Appeals for the Tenth Circuit, and this Court.

"to file a lawsuit to cancel several Mechanics Liens" on a property owned by Dubalouche. Complaint at 3. Dubalouche posted $151,889.57 with the Clerk of the Second Judicial District Court. Dubalouche alleged:

> There was a surplus of funds that had been posted by Dubalouche so the Judge in the case authorized the Court Clerk to return $19,239.00, which the Court released to Attorney Jennie D. Behles in Trust for Dubalouche, LLC. . . . The funds received by Jennie D. Behles, in Trust have not been paid to Dubalouche LLC, after demand by Dubalouche, although she claimed to have mailed a check that was never received. Attorney Jennie D. Behles is improperly holding funds that the Court authorized to be paid to Dubalouche, LLC.

Complaint at 3. The Disciplinary Board sent Ms. Behles a copy of the Complaint on May 24, 2017. *See* Doc. 19, filed May 14, 2019.

On September 17, 2017, Disciplinary Counsel filed a Specification of Charges against Ms. Behles. *See* Brief ¶ 3 at 12. The Specification alleged several facts regarding Ms. Behles' conduct and concluded that Ms. Behles had violated the following provisions of the Rules of Professional Conduct:

    a.    Rule 16-105, by charging an unreasonable fee;

    b.    Rule 16-115, by failing to hold a client's property separate from the lawyer's own property and by failing to keep complete records of the account funds;

    c.    Rule 16-801, by knowingly making a false statement of material fact in a disciplinary matter;

    d.    Rule16-804(C), by engaging in conduct involving fraud, deceit or misrepresentation;

    e.    Rule 16-804(D), by engaging in conduct that is prejudicial to the administration of justice.

Specification of Charges ¶¶ 7, 31, Doc. 4-1 at 9, 15.

Ms. Behles contends that when she "received the $19,239.00 from the Court Registry on January 11, 2016, Dubalouche owed Behles more than $19,239.00 for past-due fees, costs and expenses." Brief at 11.

During an evidentiary hearing before the Hearing Committee, the Hearing Committee Chair asked questions regarding a $7,500.00 retainer and a payment of $25,000.00. *See* Brief ¶ 5.A. at 12. Behles "object[ed] to the questioning on the basis the issues were not noticed in the Specifications." Brief ¶ 5.A. at 12. The Hearing Committee Chair overruled the objection. *See* Brief ¶ 5.A. at 12. Following the hearing, Behles filed a motion "asking the Hearing Committee to strike those portions of the Disciplinary Counsel's requested findings and conclusions relating to the $7,500.00 evergreen retainer and the payment of $25,000.00." Brief ¶ 5.B. at 13. The Hearing Committee denied the motion and made findings regarding the $7,500.00 evergreen retainer and the payment of $25,000.00. *See* Brief ¶ 5.B.ii. at 14.

"Following the Hearing Committee making its Findings, a Panel appointed by the Disciplinary Board reviewed the Hearing Committee's Findings of Fact, Conclusions of Law and Recommendations." Brief ¶ 6 at 14. Ms. Behles submitted a brief to the Panel and "again raised the issue regarding the $7,500.00 evergreen retainer fee and the $25,000.00 payment not being in the Specification of Charges as well as the lack of jurisdiction on the contractual issues. Behles also contended that a successfully completed prior deferral could not be considered as part of the basis for discipline." Brief ¶ 6 at 14.

"The Disciplinary Panel Report and Recommendations then went to the New Mexico Supreme Court for its review and decision." Brief ¶ 8 at 14. Ms. Behles submitted a brief to the New Mexico Supreme Court and again raised the issues of the $7,500.00 evergreen retainer and the $25,000.00 payment, and subject-matter jurisdiction to undertake construction and

interpretation of a contract. Brief ¶ 9 at 15-16. "There was oral argument on March 5, 2019 to the New Mexico Supreme Court" with only four justices participating. Brief ¶ 10 at 16. "On March 5, 2019, the New Mexico Supreme Court, with only four justices participating, entered an order disbarring Behles." Brief ¶ 10 at 16. Behles filed a motion for rehearing before the New Mexico Supreme Court arguing that while the issues were briefed and argued, the New Mexico Supreme Court "overlooked or misapprehended" several points of law and/or facts that require rehearing. *See* Doc. 24-2 at 2, filed May 14, 2019. The New Mexico Supreme Court denied the motion for rehearing. *See* Response to Tenth Circuit ¶ c at 4.

### Disbarment by the New Mexico Supreme Court

The New Mexico Supreme Court permanently disbarred Ms. Behles from the practice of law, *see* Order, *In the Matter of Jennie D. Behles, Esq.*, No. S-1-SC-37393 (N.M. March 5, 2019), after adopting the Disciplinary Panel of the New Mexico Disciplinary Board's findings of fact and conclusions of law of law which include:

> 46. Respondent has violated the following provisions of the Rules of Professional Conduct:
>
>   a. Rule 16-105; by charging an unreasonable fee;
>
>   b. Rule 16-115; by failing to hold a client's property separate from the lawyer's own property and by failing to keep complete records of the account funds; and
>
>   c. Rule 16-804(D); by engaging in conduct that is prejudicial to the administration of justice.
>
> 47. The following aggravating factors are present:
>
>   a. Respondent has a prior disciplinary offense (*ABA Standards for Imposing Lawyer Sanctions* §9.22(a));
>
>   b. Respondent has a dishonest or selfish motive (*ABA Standards for Imposing Lawyer Sanctions* §9.22(b));

- c. Respondent has engaged in a pattern of misconduct (*ABA Standards for Imposing Lawyer Sanctions* §9.22(c));

- d. Respondent has committed multiple offenses (*ABA Standards for Imposing Lawyer Sanctions* §9.22(d));

- e. Respondent has refused to acknowledge the wrongful nature of her conduct (*ABA Standards for Imposing Lawyer Sanctions* §9.22(g));

- f. Respondent has substantial experience in the practice of law, having been licensed since 1970 (*ABA Standards for Imposing Lawyer Sanctions* §9.22(i)).

Disciplinary Panel's Report and Recommendations at 10-11, *In the Matter of Jennie D. Behles, Esq.*, No. S-1-SC-37393 (N.M. November 27, 2018).

## The District of New Mexico's Rule of Good Standing

The Local Rules of Civil Procedure for the District of New Mexico do not allow an attorney who has been disbarred from the practice of law to practice before this Court:

> An attorney admitted to the bar of this court must remain in good standing in all courts where admitted. In good standing means not suspended or disbarred by any court for any reason. An attorney whose suspension or disbarment has been stayed by order of the disciplining court prior to the effective date of the suspension or disbarment remains in good standing. An attorney who is not in good standing may not practice before the bar of this court or continue to be an attorney or record in any pending case. . . .

D.N.M.LR-Civ. 83.2(c) ("Rule of Good Standing"). An attorney may seek relief from the Rule of Good Standing:

> It is presumed that discipline imposed by another court against a member of the bar of this court is appropriate. To obtain relief, the attorney so disciplined has the burden to establish by clear and convincing evidence:
>
> (A) that the procedure resulting in discipline by the court was so lacking in notice or opportunity to be heard as to deny due process,
>
> (B) that the application of the good standing rules in subdivision (c) would result in grave injustice, or
>
> (C) that the kind of misconduct warrants substantially less severe discipline.

5

Case 15-01047-t   Doc 153   Filed 07/01/19   Entered 07/01/19 16:27:47 Page 5 of 16

D.N.M.LR-Civ. 83.2(d)(2).

> The Court . . . upon determining that a member of the Bar of this District Court has been . . . disbarred by any state . . . may disbar the attorney. The Chief District Judge will appoint a panel of judges to review any state disciplinary proceedings . . . and, if necessary, conduct a hearing to determine whether discipline, suspension or disbarment is appropriate.

D.N.M.LR-Civ. 83.10(a).

### Disbarment by the Tenth Circuit Court of Appeals

After being advised by order of the Supreme Court of the State of New Mexico that attorney Ms. Behles has been disbarred from the practice of law in New Mexico, the Tenth Circuit Court of Appeals allowed Ms. Behles to show cause in writing why she should not be similarly disbarred in the Tenth Circuit Court of Appeals. *See* Order, *In re: Jennie Deden Behles*, No. 19-808 (10th Cir. April 4, 2019).

Ms. Behles' response to the Tenth Circuit Court of Appeals' order to show cause asserted: (i) The Disciplinary Board and the New Mexico Supreme Court violated Ms. Behles' due process rights by not providing Behles "notice that a $7,5000.00 fee retainer Behles had obtained from a client and a $25,000.00 fee payment obtained from the same client were issues that could be a basis for discipline, much less disbarment;" (ii) The Disciplinary Board and the New Mexico Supreme Court violated Behles' rights by using prior discipline in a previous disciplinary matter involving Behles, which "had been deferred and the deferral successfully completed," as a part of the basis for disbarment; (iii) The New Mexico Supreme Court violated Behles' due process rights by holding the hearing with only four justices;[2] (iv) "The Hearing Committee made critical findings and recommendations for which there was either no evidence and/or which were

---

[2] Behles raised this issue in a motion for rehearing, which was denied by the four justices. *See* Response to Tenth Circuit ¶ c at 4.

6

contradictory to the undisputed evidence presented by [Behles']³ witnesses;" (v) The New Mexico Supreme Court "reli[ed] upon a finding not made;" and (vi) The Disciplinary Board and the New Mexico Supreme Court did not have jurisdiction to hear the contract dispute between Behles and her client, which "formed a major basis for discipline against Behles." Response to Tenth Circuit at 2-8.

On June 3, 2019, after reviewing Ms. Behles' response,⁴ the Tenth Circuit Court of Appeals:

> (1) den[ied] her request for an evidentiary hearing; and (2) conclude[d]⁵ that she should be, and is, disbarred in [the Tenth Circuit Court of Appeals]. . . . Readmission to practice in [the Tenth Circuit Court of Appeals] is conditioned upon the filing of an application that (1) demonstrates good cause why Ms. Behles should be readmitted, (2) includes evidence showing that Ms. Behles has been returned to good standing [in the] New Mexico State Bar . . . .

Doc. 25, filed June 6, 2019.

**Proceedings in the United States District Court for the District of New Mexico**

Ms. Behles asserts the same arguments here that she asserted before the Tenth Circuit Court of Appeals.

<u>Evidentiary Hearing</u>

On March 28, 2019, the Court ordered Ms. Behles to show cause why the Court should not disbar her in accordance with the Rule of Good Standing. *See* Doc. 1. In her Response, Ms. Behles stated:

> Because of the complexity of the matter and the significant legal issues a panel of judges should be appointed and Behles should be accorded an evidentiary hearing before the panel of judges to present the issues in more depth than can be presented

---

³ "Disciplinary Counsel did not call a witness." Response to Tenth Circuit ¶ d at 5.
⁴ Jennie Deden Behles['] Response to Order to Show Cause and Requesting an Evidentiary Hearing, *In re: Jennie Deden Behles*, No. 19-808 (10th Cir. May 15, 2019) ("Response to Tenth Circuit").
⁵ Without discussion.

7

> in this Application[.] Behles should also be allowed the opportunity for full briefing of the issues.

Doc. 4 ¶ 18 at 19, filed April 9, 2019. The Court allowed Ms. Behles to file a brief to present the issues in more depth and to file those portions of the disciplinary proceedings she wanted the Panel to review and any other exhibits in support of her brief. *See* Order Granting Request to Appoint Panel at 2, Doc. 6, filed April 11, 2019. The Court notified Ms. Behles that the materials she files "shall address all the evidence in support of her request from the District's Rule of Good Standing because the Panel may decide that a hearing is not necessary." Doc. 6 at 2-3. The Court also instructed Ms. Behles that the brief "should state why Ms. Behles believes a hearing is necessary." Doc. 6 at 2.

Ms. Behles filed a 25-page brief along with approximately 46 documents totaling about 681 pages. *See* Jennie Deden Behles['] Brief in Support of Her Response to Order to Show Cause & Application for Relief from Rule of Good Standing Pursuant to Miscellaneous Rule 83.2, Doc.12, filed May 14, 2019 ("Brief"); Doc's 13-24, filed May 14, 2019. Her Brief does not state why she believes a hearing is necessary. *See* Brief at 23, Doc.12 (stating "If the court is not going to conduct an evidentiary hearing, then Behles respectfully requests the opportunity for oral argument"). The Panel finds that an evidentiary hearing and oral argument are not necessary and denies Ms. Behles' request for an evidentiary hearing or oral argument.

Specification of Charges

Ms. Behles asserts her "due process rights were violated by utilization of issues not in the charge & for which there was no notice:"

> Notice of each separate charge must be given in the Specification of Charges filed against the attorney. [See: NMRA 17-307 & 17-309]. The Disciplinary Board did not provide Behles notice the $7,500.00 retainer and the $25,000.00 payment could be a basis for discipline, much less disbarment. A review of the letter from Chief Disciplinary Counsel and the Specification of Charges plainly set forth the issue

and charges. The $7,500.00 retainer and the $25,000.00 were not raised. Yet, both formed a major basis for the disbarment of Behles. By utilizing issues that were not charged and of which Behles had received no notice nor opportunity to prepare a defense, the due process protections contained in NMRA 17-307 & 17-309 were violated.

Brief at 17.

The "due process protections contained in NMRA 17-307" were not violated. Rule 17-307, Investigation of Complaints provides in part:

> Within thirty (30) days after receipt of a complaint, if the allegations are serious enough to warrant a formal investigation the office of disciplinary counsel shall notify the respondent-attorney of *the nature of the complaint*. . . . Prior to the filing of a formal specification of charges with the Disciplinary Board the respondent-attorney shall always be advised of *the general nature of the allegations*.

N.M.R.A. 17-307(B) and (C) (*emphasis added*). As discussed above in the "Background" section, the Disciplinary Board timely sent Ms. Behles a copy of the Complaint, which included the allegations concerning the $7,500.00 retainer and the $25,000.00 payment. *See* Doc. 18-1 at 1.

Nor were the due process protections of N.M.R.A. 17-309 violated. Rule 17-309, Formal Charges, provides:

> The specification of charges shall contain:
>
> (1) *a brief and plain statement of the charge*, or if more than one, each of the separate charges of professional misconduct asserted against the respondent-attorney;
>
> (2) the provisions of the Rules of Professional Conduct, court rule, statute or other law claimed to have been violated;
>
> (3) the names and addresses of all known witnesses against the respondent-attorney;
>
> (4) all known factors in aggravation; and
>
> (5) the name and address of the particular disciplinary counsel who is expected to prosecute the matter.

N.M.R.A. 17-309(B) (*emphasis added*).

The Specification of Charges identified the Rules of Professional Conduct claimed to have been violated by Ms. Behles including charging an unreasonable fee, failing to hold a client's property separate from her own property, failing to keep complete records of the account funds, and engaging in conduct involving fraud, deceit or misrepresentation. *See* Specification of Charges ¶ 31 (quoted above in "Background" section). The Specification of Charges also set forth factual allegations regarding Ms. Behles' conduct relevant to the alleged violation of those rules. *See* Specification of Charges ¶ 3, Doc. 4-1 at 8. One of the factual allegations states: "[Ms. Behles] and Dubalouche entered into a fee agreement for this lawsuit, wherein Dubalouche agreed to pay [Ms. Behles] a flat fee of $25,000, plus tax, plus all costs" and further provided "[i]n addition, all fees in regard to the counterclaim in that action brought by Dubalouche against the defendants . . . shall be charged at 40% of the amount recovered plus gross receipts taxes due in the state of New Mexico." Specification of Charges ¶ 7, Doc. 4-1 at 9. The fee agreement states it "amend[s] the existing retainer agreement," apparently referring to the initial $7,500 payment. Doc. 14-2, filed May 14, 2019. Another factual allegation states that Behles':

> "Dubalouche Trust Ledger" is at odds with her own disbursement statement, letters to her client, *fee agreements* in the case, and further does not comport with the dates or amounts of any of the withdrawals made from the IOLTA, and upon information and belief, was recreated to support her theft of funds from the IOLTA.

Specification of Charges ¶ 30, Doc. 4-1 at 15 (*emphasis added*). The factual allegations quoted above show that the Specification of Charges gave Ms. Behles notice that the $7,500.00 retainer and the $25,000.00 flat fee would be issues in the disciplinary process.

Failure to Apply N.M.R.A. 17-206H(7)

Ms. Behles "raised the issue that prior discipline could not be considered because it had been deferred with a deferral agreement and the deferral agreement was fully complied with." Brief at 20. New Mexico Rule 17-206H(7) provides:

10

> *Effect of successful completion of the diversion program.* If disciplinary counsel determines that the respondent-attorney has successfully completed all aspects of the agreed upon diversion program, the matter will be closed and any inquiry concerning the complaint, or complaints, that led to the investigation and diversion program will be handled by disciplinary counsel in the same manner as a dismissed complaint, . . .

N.M.R.A. 17-206H(7). Ms. Behles asserts that "[t]he New Mexico Supreme Court based its decision to disbar in part on the prior deferred discipline that was successfully completed" and that she "had the right to not have the successfully deferred discipline considered." Brief at 20. Ms. Behles also asserts that because "attorney disbarment proceedings are quasi-criminal in nature" she "was, and is, entitled to protection from double jeopardy, which is applicable." Brief at 20.

Ms. Behles' prior disciplinary offense is one of six aggravating factors in the Disciplinary Panel's Report which the New Mexico Supreme Court adopted. *See* Disciplinary Panel's Report and Recommendations at 10-11, *In the Matter of Jennie D. Behles, Esq.*, No. S-1-SC-37393 (N.M. November 27, 2018) (the other aggravating factors are Ms. Behles: (i) has a dishonest or selfish motive; (ii) engaged in a pattern of misconduct; (iii) committed multiple offenses; (iv) refused to acknowledge the wrongful nature of her conduct; and (v) has substantial experience in the practice of law, having been licensed since 1970). Ms. Behles does not contest the five other aggravating factors and has not shown that she would not have been disbarred had the New Mexico Supreme Court not considered her prior disciplinary offense.

Subject-Matter Jurisdiction Over Contract Issues

Ms. Behles contends that:

The Disciplinary Board and the New Mexico Supreme Court improperly exercised jurisdiction over a fee dispute involving the application and interpretation of a written fee agreement. Behles has a "due process" right to have her contract claim and issues relating to the contract decided by a district court, not the Disciplinary Board. The Disciplinary Board and the New Mexico Supreme Court have, in effect, denied Behles her original right to access to the Courts to decide contract matters.

11

Brief at 22.

The Panel disagrees with Behles' contention that the Disciplinary Board and the New Mexico Supreme Court improperly exercised jurisdiction over a fee dispute. The proceeding Ms. Behles complains of is a disciplinary proceeding, not the adjudication of a contract cause of action.[6] The New Mexico Supreme Court

> has the sole authority to direct what constitutes grounds for the discipline of lawyers. [That] authority ... emanates from the New Mexico Constitution, Article VI, Section 3, which gives the Court "superintending control over all inferior courts" and carries with it the inherent power to regulate all pleading, practice and procedure affecting the judicial branch of government. . . . Our inherent power of superintending control encompasses as well this Court's authority and duty ... to prescribe standards of conduct for lawyers, to determine what constitutes grounds for the discipline of lawyers, and to discipline, for cause, any person admitted to practice law in this state.

*In re Treinen*, 139 N.M. 318, 320 (2006); *see also* N.M.R.A. 17-102.A.(1-2) (The Disciplinary Board "shall have the power . . . to consider and investigate the conduct of any attorney . . . [and] to review the findings of fact conclusions, and recommendations of hearing committees, and take such action thereon . . . .").

Reliance Upon a Finding Not Made

Ms. Behles contends that because the Hearing Committee did not find that she violated two Rules of Professional Conduct which require "dishonest or intentional conduct," "the Hearing Committee's determination was Behles was only negligent," and "the factual findings of the Hearing Committee do not support imposing disbarment." Brief at 21. Ms. Behles does not cite any New Mexico case law to support her contention that disbarment is not warranted for negligent

---

[6] "Behles had filed suit in Valencia County regarding fees owed and the interpretation of the contract." Behles' Rule 83.2 Application at 7, Doc. 7, filed April 11, 2019. "Behles had moved to stay the disciplinary proceeding pending the decision of the Valencia County District Court. The stay motion was denied." Behles' Rule 83.2 Application at 8.

12

conduct. *See In the Matter of Jess R. Nelson*, 79 N.M. 779, 783 (1969) ("Membership in the Bar requires more than a mere absence of intention to do wrong; otherwise our high standard of conduct could not be maintained.").

Review by Full Supreme Court

Ms. Behles asserts:

> NMRA 17-316 controls review of a Disciplinary Board recommendation or decision by the New Mexico Supreme Court. Throughout the Rule, it talks in terms of review by the New Mexico Supreme Court. The New Mexico Supreme Court consists of five (5) justices [See: Const. Art. 6, §4] .... The hearing and argument was conducted with only four Justices, not the entire full Supreme Court. Behles was entitled to a hearing before the full Supreme Court consisting of five (5) justices and the hearing being conducted by less than five (5) justices violated her due process rights.

Brief at 23.

While the New Mexico Constitution, art. VI, § 4, states "[t]he supreme court of the state shall consist of at least five justices," the next two sections of the New Mexico Constitution indicate that all five justices are not required to participate in each hearing and decision. *See* N.M. Const. art. VI, § 5 ("A majority of the justices of the supreme court shall be necessary to constitute a quorum for the transaction of business, and a majority of the justices must concur in any judgment of the court."); N.M. Const. art. VI, § 6 ("When a justice of the supreme court shall be interested in any case, or be absent, or incapacitated, the remaining justices of the court may, in their discretion, call in any district judge of the state to act as a justice of the court.").

Due Process

Ms. Behles has not established by clear and convincing evidence that the procedure resulting in disbarment by the New Mexico Supreme Court was so lacking in notice or opportunity to be heard as to deny due process. The Specification of Charges gave Ms. Behles notice that the $7,500.00 retainer and $25,000.00 flat fee were at issue. Ms. Behles had an opportunity to be, and

was, heard by the Hearing Committee, the Disciplinary Panel, and the New Mexico Supreme Court. Ms. Behles' arguments, that there was a lack of jurisdiction on the contractual issues and that she was deprived of due process when only four New Mexico Supreme Court justices heard her oral argument, are without merit.

Grave Injustice

Ms. Behles has not established by clear and convincing evidence that the application of the Rule of Good Standing would result in grave injustice. Ms. Behles states:

> The disbarment of Behles, an "A" rated attorney who has, for approximately 49 years engaged in complex litigation in the business and bankruptcy arenas will result in grave injustice to Behles as well as irreparable economic harm resulting from a person in her 70's having to shut down a career of approximately 49 years and potentially impose a grave injustice on Behles' clients.

Brief at 24. Application of the Rule of Good Standing to Ms. Behles, and the indirect effect on her clients, is the result of Ms. Behles' conduct and the fair and proper administration of the Local Rules of this District. It is not the result of mistake, omission or negligence by this Court.

Less Severe Discipline

Ms. Behles has not established by clear and convincing evidence that the kind of misconduct warrants substantially less severe discipline. Ms. Behles states the "level of discipline was excessive" and cites one case where "a trustee was convicted of embezzlement for accounting errors [and on] appeal, the Court reversed and identified the absurdity of disbarring an attorney for accounting errors." Brief at 24 (citing *United States v. Elias-Rivera*, 848 F.2d 16, 19-20 (1st Cir. 1988) (stating "it is beyond belief that a simple accounting error subjected a respected attorney to imprisonment and worse, disbarment")). The record shows that Ms. Behles' disbarment was based on more than "a simple accounting error."

## Conclusion

Ms. Behles has not established by clear and convincing evidence:

(B)  that the procedure resulting in discipline by the court was so lacking in notice or opportunity to be heard as to deny due process,

(B)  that the application of the good standing rule would result in grave injustice, or

(C)  that the kind of misconduct warrants substantially less severe discipline.

The Court notifies Ms. Behles that reinstatement to the State Bar of New Mexico by the New Mexico Supreme Court or to the Bar of the United States Court of Appeals for the Tenth Circuit shall not automatically constitute admission to the Federal Bar of the District of New Mexico. Accordingly, should Ms. Behles wish to be readmitted to practice in this Court, she will have to reapply at the appropriate time for admission to the Federal Bar of the District of New Mexico.

The Court orders the Clerks of the District and Bankruptcy Courts to file this Order of Disbarment in the cases currently pending in the District of New Mexico where Ms. Behles is appearing as counsel.

**IT IS ORDERED** that:

(i)  Ms. Behles' request for an evidentiary hearing or oral argument is **DENIED**.

(ii) Ms. Behles' request for relief from the Rule of Good Standing is **DENIED**.

(iii) Jennie Deden Behles is **DISBARRED** from the Bar of the District of New Mexico which precludes practicing law not only in the United States District Court for the District of New Mexico but also in the United States Bankruptcy Court for the District of New Mexico. The Judges presiding over pending cases in which Ms.

    Behles appears as counsel may allow her to continue to appear for whatever time they deem appropriate so as not to prejudice her clients.

(iv) The Clerk of United States District Court shall file this Order of Disbarment in:

  (a) *Sabeerin v. Albuquerque Police Department*, No. 1:16-cv-00497-JCH-LF

  (b) *Ganci v. MBF Inspection Services, Inc.*, NO. 1:19-cv-00061-WJ-CG.

(v) The Clerk of the United States Bankruptcy Court shall file this Order of Disbarment in:

  (a) No. 10-10759-j11, *The Vaughan Company, Realtors*

  (b) No. 15-01047-t, *Tammy Sprague as PR for the estate of Fred Dale Va v. Williams et al*

  (c) No. 15-13052-t13, *Gloria Lynn Marcott*

  (d) No. 16-10312-t11, *Debbie J. Wallace*

  (e) No. 17-12866-t13, *Lucy Munoz Yanez*

  (f) No. 18-11140-t7, *RGB, LLC*

  (g) No. 18-11275-t7, *Enchantment Pizza II, LLC and Enchantment Pizza, Inc.*

  (h) No. 18-11276-t7, *Enchantment Pizza, Inc.*

  (i) No. 19-10589-t7, *Arturo Manuel Hernandez and Vikki Lynn Hernandez*

  (j) No. 18-11579-t11, *MBF Inspection Services, Inc.*

  (k) No. 18-11927-t11, *Jackie Don Roberts and Vickie Roberts.*

            /s/ *(signature)*
            **FOR THE PANEL**
            **WILLIAM P. JOHNSON**
            **CHIEF UNITED STATES DISTRICT JUDGE**